TUNIS S. WARING, Respondent, v. ELEAZER AYRES, Appellant.

The defendant signed and delivered to the plaintiff, the following instrument: "In consideration of Tunis S. Waring's (the plaintiff's) interest in house and lot 234 Navy street, Brooklyn, purchased by me, I agree to deliver to said Waring, two lots owned by me in 116th street, New York, between 8th and 9th avenues; said lots being 25 feet front, by about 75 feet deep. August 26th, 1868."

In an action for specific performance, *Held*, that the contract was neither void for ambiguity and uncertainty, nor on account of only a past con-

sideration being expressed, but was valid and would be specifically enforced, by compelling a conveyance by the defendant to the plaintiff, of the two lots the defendant actually owned on 116th street, between 8th and 9th avenues.

Parol evidence in such a case, to identify the two lots owned by the defendant at the place specified, is admissible.

(Argued March 24th, 1869, and decided June 10th, 1869.)

This action was brought to compel the defendant to convey to the plaintiff, two lots of ground in 116th street, between the 8th and 9th avenues, in the city of New York.

The facts, upon which the plaintiff was awarded judgment, as found by the referee to whom the action was referred, are these :

On the 26th day of August, 1858, the defendant executed and delivered to the plaintiff an agreement, as follows : " In consideration of Tunis S. Waring's interest in house and lot 234 Navy street, Brooklyn, purchased by me, I agree to deliver to said Waring, two lots owned by me in 116th street, New York, between 8th and 9th avenues, said lots being 25 feet front and about 75 feet deep.

"August 26, 1858.                E. Ayres."

The defendant then owned two lots and no more, on 116th street, between the 8th and 9th avenues. These were each 25 feet in front by about 75 feet in depth, and were on the northerly side of the said street, 100 feet westerly from the 8th avenue, and were the lots intended by the agreement.

On demand before suit brought, the defendant refused to convey.

Upon these facts, the referee held the plaintiff entitled to judgment, and judgment was entered requiring the defendant to convey the said lots to the plaintiff.

The consideration for the agreement set out in detail in the complaint was averred to have been as follows: The plaintiff, prior to the agreement, owned the house and lot, 234 Navy street, subject to a mortgage then in the process of foreclosure. He sold his interest to the defendant for the two lots mentioned in the agreement, and certain jewelry ·

and it was arranged that the defendant should take title by the deed of the sheriff on a sale under the foreclosure. The sale took place, the defendant, on the 26th of August, 1858, bid in the property, and on the same day executed and delivered the agreement in question, and thereafter received the sheriff's deed. The answer did not deny that the agreement in question was given in consideration of the interest acquired in the house and lot in Navy street, but alleged that he was induced to make the arrangement by representations of a brother of the plaintiff, professedly acting for himself, that were untrue, both in respect to the amount of taxes on the Navy street property unpaid, and also in respect to the responsibility and promptness of the tenants thereof.

On the trial the plaintiff offered in evidence a map of lots on 116th street, on which two lots were marked E. Ayres; and his witness testified that that map was produced to him by the defendant before the agreement was signed, and those lots pointed out by him as the two lots he would give for the plaintiff's interest in the house and lot in Navy street. This evidence was objected to, and the defendant excepted to the ruling by which it was received. On cross-examination of the defendant, who testified in his own behalf, the plaintiff was permitted to draw from him testimony to the effect, or tending to show, that he owned no other lots on 116th street; and to this the defendant excepted.

Some exceptions were taken to evidence in respect to the rents of the Navy street property, which were not pressed on the argument of the appeal from the judgment.

*John H. Reynolds*, for the defendant (appellant). As to the want of mutuality, he cited 3 Johns. R., 424; 3 Johns. R., 388; 13 Johns., 235: 5 Wend., 26.

*Samuel Hand*, for the plaintiff (respondent), cited, upon the question of the validity and sufficiency of the paper as a contract to convey lands, *Richards* v. *Edick* (17 Barb., 260, 269); *Fish* v. *Hubbard's Administrators* (21 Wend., 652);

*Brinkerhoff* v. *Olp* (35 Barb., 32); *Ryers* v. *Wheeler* (22 Wend., 148); Wigram on Extr. Evi., 30, 38, 41; *Ogilvie* v. *Foljambe* (3 Mer., 53); *Brown* v. *Cooper* (2 How., 408); *McConihe* v. *Erie R. R.* (20 N. Y., 495, 497); *Andrews* v. *Durant* (1 Kern., 35). As to the admissibility of evidence to identify subject matter, he cited, besides the above cases, Fry on Spec. Perfce., 92, 93, § 209.

WOODRUFF, J. The grounds upon which the reversal of this judgment is urged by the appellant are,

*First.* That the agreement of which the specific performance has been decreed is indefinite, uncertain and ambiguous; lacks mutuality, and appears to have been executed upon a past consideration. *Second.* That it was error to receive parol evidence to identify the lots referred to therein; and *Third.* That the testimony showed that the defendant paid, in order to relieve the Navy street house and lot from the lien of taxes, about one hundred dollars more than he expected to pay when the agreement was made.

1. I think the agreement in question is not justly liable to the criticism that it is of any doubtful interpretation. The names of the parties, promisor and promisee, are certain, the obligation assumed by the latter is definite, viz.: To deliver two lots owned by him to the former. This, though not expressed in the language of a conveyance, plainly means to convey the lots. Whether the consideration is past or present, it is not doubtful that it is the interest of the promisee in a house and lot purchased by the promisor, which constitutes the consideration for the promise.

There are, therefore, promisor and promisee; the former for a consideration expressed is to convey two lots. Parties; the consideration; the thing stipulated, are expressed. The claim is, however, that the subject matter of the conveyance is not sufficiently expressed, and cannot be made to appear without extrinsic evidence.

That extrinsic evidence is required in order to identify the lots, is doubtless true, provided always it be first shown, by

extrinsic proof, that there are more than two lots in 116th street, between 8th and 9th avenues, each twenty-five feet front, by about seventy-five feet deep. But, until that be first shown, there is no uncertainty whatever in respect to the premises to be conveyed, and no such fact is found.

Apart from that, however, there is no such ambiguity as vitiates the agreement, assuming that there are several lots on that street and between those avenues. The description is, *"Two lots owned by me in 116th street, New York, between 8th and 9th avenues,* said lots being twenty-five feet front by about seventy-five feet deep."

Now, if no other lots will answer that description, there is no want of certainty in respect to the subject, *i. e.,* the property to be conveyed.

The referee finds that no other lots than those named in the judgment will answer that description, and that those named in the judgment do answer the description precisely.

I know of no rule of law or equity which requires the employment of one set of terms or form of words, to describe real estate proposed to be conveyed.

An agreement to sell and convey the farm in the town of Bath, belonging to me, is definite and certain the moment it appears which farm in the town of Bath, does in part belong to me.

It is, therefore, not a question of certainty or uncertainty, but if there be any question, it is the second one urged by the appellant; viz., that proof of the extrinsic facts cannot be given. But why not?

It presents the precise case in which proof of extrinsic facts is allowed, in order to apply (not to alter or vary) a written agreement.

It seems to me too plain to require. argument. But suppose an agreement for the sale of personal property, wherein the vendor agrees to sell and deliver "my grey horse." It could not be for a moment claimed that such an agreement was void for uncertainty, because there are many grey horses.

No more in respect to lots of land; "my two lots of land,"

HAND — VOL. I.    46

or "my dwelling house and lot on 116th street," or "my farm in Bath."

Indeed, the ambiguity does not exist in either case, until the defendant himself shows, that he has more than two lots of land or more than one dwelling house and lot on 116th street, or more than one farm in Bath.

In the present case, the agreement required the defendant to convey two lots owned by him at the date of the agreement. Suppose he had conveyed two lots, the question might be suggested, whether he had conveyed the lots which he sold; but the moment the extrinsic fact appeared, that the defendant owned no others, and therefore had conveyed two lots owned by him, the exact performance of the agreement would be established.

This is not making an agreement of doubtful import certain, it is applying the clear and distinct terms of the agreement, to a subject matter which is proved to be within the exact terms employed for its description. The cases of *Fish* v. *Hubbard, executors* (21 Wend., 651), and *Ryerss* v. *Wheeler* (22 Wend., 148), are quite sufficient authority on this point.

The objection that the agreement lacks mutuality, or that it was made upon a past consideration is equally groundless.

As well might it be said, that an agreement in terms purporting to be in " consideration of $10,000 to me paid," lacks mutuality, or is invalid because it would seem that the promisor had received the money before he signed the agreement.

The instrument here purports an exchange of property, and that in consideration of the interest in the Navy street house and lot purchased, the defendant would convey the lots on 116th Street.

Nor do I perceive that any error was committed by reason of the unpaid taxes on the Navy street property, appearing to be more than was anticipated. The language of the agreement indicates that the defendant was to give what he stipulated to the plaintiff, in consideration of the plaintiff's interest in that property, be it more or less. There was here

no rescission nor claim to rescind on the ground of fraud, nor in truth is any fraud alleged or found, and certainly there was no warranty in respect to the taxes. The report of the referee is wholly silent on the whole subject of taxes. But if the proofs had shown, that the taxes unpaid amounted to $100 more than was anticipated, it would not have been competent to add to the written agreement a parol condition or warranty which would avail the defendant.

The judgment should, I think, be affirmed with costs.

All the judges concurring.
Judgment affirmed.