THE PEOPLE, ex rel. JOHN H. MYERS, Respondent, *v.* FREDERICK STORMS, Appellant.

A mortgage will not be held void by reason of vagueness or uncertainty in the description of the mortgaged premises, if by any particulars in the description they can be ascertained so as to enable the court to say that the words used were intended to relate to them.

For this purpose evidence *aliunde* the instrument may be resorted to, and if by its aid the description may be located and applied, it is sufficient; so also if there be two phrases in the description which cannot be reconciled, one of which will defeat, the other sustain the instrument, the former will be rejected.

In a mortgage the premises were described as " a piece or parcel of land lying and being situated in the county of Tompkins, being part of lot No. 86, in Lansing aforesaid." Following this was a description by metes and bounds of a piece of land stated to contain " one hundred and thirty-three acres of land, the same more or less." Then followed this clause: " The intention of this last-mentioned piece of land is to mortgage forty-six acres of land on the south side of it next to Mr. Norton's." The one hundred and thirty-three acres described was some distance north of, and did not in any part touch Mr. Norton's land ; and that part of the description was inserted in the mortgage by mistake. The mortgagor owned the south. part of lot 86, and its south line· was the northern boundary of Mr. Norton's land. The purchaser on a foreclosure sale caused a piece of land to be surveyed, bounding it on the south by the south line of said lot, on the east and west by the east and west lines of the mortgagor's land, and running far enough north to include forty-six acres, and in summary proceedings under the statute (Chap. 208, Laws of 1874) was awarded possession thereof. *Held* no error ;· that the land so bounded, answered all the calls of the mortgage ; and, as it could be thus located with reasonable certainty, and there was no other land of the mortgagor on which the mortgage could operate, this may be deemed to have been in the minds of the parties when the instrument was executed.

(Argued October 24, 1884 ; decided November 25, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made on May 2, 1882, which affirmed an order of Special Term reversing a judgment in summary proceedings.

The proceedings were instituted under the statute (Chap. 208, Laws of 1874) to recover possession of forty-six acres of land to which defendant Storms claimed title under a mortgage foreclosure sale.

The facts so far as material are stated in the opinion.

*H. V. Howland* for appellant. In construing the language of a deed, the court must assume that the parties to the deed stood upon the ground and had all the lands and boundaries, natural and artificial, as well as lands of adjoining owners in full view at the time ; and if the court can see that the parties themselves, with all these aids and means of intelligence spread before their eyes, could and did understand what particular premises or parcel they intended to describe, then such description was to them, and must be held by the court to be, certain. ( *Wendell* v. *Jackson,* 8 Wend. 183 ; *Shoemaker* v. *Davis,* 44 Barb. 463.) Where, with the aid of extrinsic facts and circumstances, the intent of the parties can be ascertained with reasonable certainty, the conveyance will be sustained ; and in construing the language of a conveyance, such construction is to be given as will give effect to the intention of the parties. (*Jackson* v. *Clark,* 7 Johns. 266 ; *Hathaway* v. *Powers,* 6 Hill, 455 ; *Parkhurst* v. *Smith,* 2 Wills. 332 ; Willard on Real Estate, 401 ; *Mason* v. *Jones,* 2 Barb. 244 ; *Peck* v. *Mallams,* 10 N. Y. 532 ; *Jackson* v. *Vickery,* 1 Wend. 406, 415 ; *Ryers* v. *Wheeler,* 22 id. 148 ; *Dickens* v. *Barnes,* 79 N. C. 490 ; *Walch* v. *Ringer,* 2 Ohio, 327 ; *Jackson* v. *Sharp,* 27 Wis. 472 ; *Petit* v. *Shepherd,* 32 N. Y. 97 ; Tyler on Law of Boundaries, 144 ; *Hansee* v. *Mead,* 27 Hun, 162 ; *Dygert* v. *Phelps,* 25 Wend. 404 ; *Higinbothan* v. *Stoddard,* 72 N. Y. 99.) To carry out the intention of parties, words may be transposed (6 Hill, 456); supplied (10 Paige, 140); rejected. (3 Duer, 354 ; 10 N. Y. 532 ; 8 Wend. 189 ; 19 Johns. 452.)

Circumstances, false or mistaken, will not vitiate the deed. (*Mason* v. *White*, 11 Barb. 174; *Jackson* v. *Clark*, 7 Johns. 226.) Where a gift comprises a definite portion of a larger quantity, it is not rendered nugatory by the omission of the testator to point out the specific part which is to form such portion, the devisee in such case being entitled to select; by which means the subject of the gift is reducible to a certainty. 1 Jarm. on Wills, 652; *Peck* v. *Halsey*, P. Wms. 387; *Grace Marshall's Case*, Dy. 281; *Moore* v. *Jackson*, 4 Wend. 59; *Jackson* v. *Zimmerman*, 2 Cai. 146; *Schenck* v. *Evoy*, 24 Cal. 104; *Pipkin* v. *Allen*, 29 Mo. 229; *Hatch* v. *Brier*, 71 Me. 542.)

*Merritt King* for respondent. When the words of a deed are so uncertain that the intention of the parties cannot be discovered, the deed is void. This uncertainty may be with reference to the person of the grantee or the description of the thing granted. (Willard on Real Estate, 404.) In relation to sheriff's deeds it has been repeatedly held that a deed is void when the description is so general that the lands cannot be located by the deed. (*Jackson* v. *Rosevelt*, 13 Johns. 97; *Same* v. *DeLancy*, id. 537.) Where the description of the estate intended to be conveyed includes several particulars, all of which are necessary to ascertain the estate to be conveyed, no estate will pass except such as will agree with every particular. (*Jackson* v. *Clark*, 7 Johns. 217; *Munson* v. *White*, 11 Barb. 184; *Peck* v. *Mallams*, 10 N. Y. 509.)

DANFORTH, J. The question argued on this appeal is whether a certain mortgage dated August 4, 1859, made by one Andrew Myers to Abel Storms, was incapable of taking effect and void by reason of vagueness and uncertainty in the description of the mortgaged premises. In answering it, we are to regard the rule that a deed should never be held void when the words may be applied to any intent to make it good, and to that end they are to be taken most strongly against the grantor, for he should not be allowed to say a description

framed by himself was so indefinite that, upon an enforcement of the mortgage, no title to the property could be acquired. (4 Com. Dig. tit. Fait; 4 Cruise, 203, § 13; *Jackson* v. *Gardner*, 8 Johns. 394.) It is enough, therefore, if, by any particulars in the description, the thing granted can be sufficiently ascertained, to enable the court to say that the words chosen by the parties were intended to relate to it; and for that purpose we may go beyond the face of the deed if it refers to some subject-matter in respect to which we can locate and apply the description. (*Coleman* v. *Manhattan Beach Imp. Co.*, 94 N. Y. 229.)

In the case at bar the mortgage recites a consideration of $5,368, and, besides premises of no importance in this controversy, describes "a certain other piece or parcel of land lying and being situated in the county of Tompkins, being part of lot No. 86 in Lansing aforesaid, bounded as follows, viz.:

"Beginning 39 rods west from the north-east corner of said lot, running thence south 33 rods; thence west 136 rods; thence south, 15 degrees west, 79 rods to the Cayuga lake shore; thence along the lake west, 12 degrees south, 32 rods; thence west, 35 degrees north, 40 rods; thence west, 5 degrees south, 77 rods; thence north, 10 degrees west, 12 rods; thence 6 degrees east of north, 81 rods; thence east 42 rods; thence north 8 rods; thence east 242 rods to the place of beginning, containing 133 acres of land, the same more or less. The intention of this last-mentioned piece of land is to mortgage 46 acres of land on the south side of it next to Mr. Norton's to secure a part of the above consideration."

There is here a clear designation of the county, town, and lot where the mortgaged premises may be found, of the quantity to be mortgaged, and a specific location of the same as "on the south side of *it* next to Mr. Norton's." It is established that the forty-six acres which the relator claims under the mortgage answers the call as to county, town, and lot. It is part of lot 86. It is conceded that it is no part of the one hundred and thirty-three acres embraced within the specific boundaries, and the interpretation which supposes that piece

to have been in the minds of the parties when pointing out the property mortgaged, is not satisfactory. That description would seem to have been put into the deed by mistake. I should rather say that the words " the last mentioned piece of land" referred to " that other piece or parcel " intended to be conveyed, so that the word " it " related to the lot as a whole, and the qualifying words which express intention should be read as if they said, " the intention is to mortgage forty-six acres of land on the south side of it " (lot 86) " next to Mr. Norton's." If so, we are to look for a piece of land in the county, town, and lot before mentioned, which shall be on the south side of that lot, lie next to Mr. Norton's and contain forty-six acres.

Norton's line is established. The evidence shows that the land claimed by the relator is next to it, and is on the south side of lot 86. This seems to be quite enough, and the evidence of the surveyors (two called by the relator and one by the defendant) shows that in fact there has been no difficulty in laying out from premises owned by the mortgagor, at the time of the execution of the mortgage, a piece of land answering in all respects this description. There is certainty in Norton's line and in the location of lot 86. The surveyors made Norton's north line the south line of the mortgaged premises, the shore of the lake, the western boundary, the east line of the mortgagor's land, the east line of the land mortgaged, and drawing a line on the north so far distant from Norton's line as to include forty-six acres, made that line its northern boundary. This gives a compact and well-proportioned lot, with boundaries natural and artificial, and such as may well be deemed to have been in contemplation of the parties at the time of the execution of the mortgage. We think there can be no more doubt upon such a description, applied by evidence of the location of lot 86 and of Norton's line, as to what property was intended, than if it had been described by metes and bounds. There was no other land of the mortgagor on which the conveyance could operate. He had no other " next to Norton's." In such a case the maxim *ut res magis valeat quam pereat* applies. It is not easy to find

two cases alike, but the principle upon which many have been decided applies here, and I know of no exception to the general rule which requires the court to make a deed effective, if, from the description given, the premises sought to be conveyed can be located with reasonable certainty. Here the description is in some respects inartificial and imperfect, but the intention of the parties is more apparent than in numerous cases cited by the learned counsel for the appellant, where the courts have given effect to instruments objected to for like reasons.

Nor does the respondent show any authority for a different conclusion in this case. It is true that another view of the terms of the deed has been taken. It supposes that the word "it" refers to the tract of one hundred and thirty-three acres, embraced in the particular description, and requires that the mortgaged premises should not only lie on the south side of that parcel, but adjoining it, and as by no measurement it could then be next to Norton's, it is argued that no effect can be given to the conveyance. This appears to be a very unnatural construction. It gives to the language of the parties an accuracy of statement in the use of the word "on" not warranted by their other words. It may be satisfied by construing it, as "lying south of," and as we are to find, if possible, a position which shall place the premises next to Norton's and also in some relation to the one hundred and thirty-three acres, we are bound to give it that meaning. Thus the forty-six acres are next to Norton's and south from the other parcel. But if the two phrases cannot be reconciled, that one should be rejected which defeats the mortgage. To hold otherwise we must exclude the rule which requires even the proper and exact signification of words and sentences to be disregarded when a close adherence to it would prevent the intention of the parties from taking effect (*French* v. *Carhart*, 1 N. Y. 102), and that other rule which requires us to select among conflicting descriptions, one which is most certain, and to reject inconsistent or mistaken particulars, when by those which remain the thing intended to be granted can be ascertained. (*Jackson* v. *Marsh*, 6 Cow. 281 ; *Same* v. *Loomis*, 18 Johns. 81 ; *Loomis*

v. *McNaughton*, 19 id. 448; *Fish* v. *Hubbard*, 21 Wend. 652.) So whether these principles are applied, or regard had only to the description which places the mortgaged premises "next to Norton's," we think the learned county judge did not err in giving effect to the mortgage, or in holding that the mortgaged premises were well located by means of the description contained in it.

It follows that the judgments of the General and Special Terms should be reversed, and the judgment of the county judge of Tompkins county affirmed.

All concur, except FINCH, J., not voting.

Judgment accordingly.