AMBROSE LEE *et al.*, Respondents, *v.* JOHN T. BRIGGS, Appellant.

*Supreme Court, Second Department, General Term, June* 28, 1889.

1. *Contract. Performance.*—Where the memorandum of sale of real property states that the deed was to be given at any time on payment of $1,000 by plaintiffs, the time can be made certain by defendants' tendering a deed and demanding payment of the purchase money.
2. *Evidence. Contract.*—Any uncertainty in a contract in the description of the property therein to be conveyed can be remedied by parol evidence.

Appeal from a judgment for the specific performance of a contract for the conveyance of real estate.

*Miller & Phillips*, for appellant.

*Martin J. Keogh*, for respondents.

PRATT, J.—This is an action to compel the specific performance on the part of the defendant, of the following contract:

JEROME, N. Y., *July* 11, 1884.

*Memoranda.*

Agreement made this day between Ambrose Lee and Elizabeth S. Lee, first part, and John T. Briggs, second part, to purchase house and lots (Nos. 17 to 23) here for $5,000—the latter, John T. Briggs, to give deed for same at any time, on payment of $1,000 or more by the former, Ambrose Lee and Elizabeth S. Lee; balance to remain on bond and mortgage at six per cent for one or more years, at option of said Ambrose Lee; fifty dollars to be paid by Ambrose Lee and Elizabeth S. Lee for the new fence. In the

meantime, interest to be paid by Ambrose Lee and Elizabeth S. Lee at six per cent, as follows: Twenty dollars monthly, and all taxes on the property, to John T. Briggs.

AMBROSE LEE,

ELIZABETH S. LEE,

J. T. BRIGGS.

The trial court has found, upon ample proof, that the parties executed the agreement, and that, in pursuance thereof the plaintiff entered into possession and duly kept and performed upon his part all the stipulations therein contained. The execution of the agreement and what has been done since, were matters of fact, and the findings of the judge below seem to be fully sustained by the evidence.

The defendant objects to the agreement as uncertain, as void for want of mutuality, and that it would be inequitable to enforce it.

The main point as to uncertainty is based upon the expression that the deed was to be given at any time on payment by plaintiffs of $1,000. This will not avail them when it is considered that the plaintiff continued to pay the taxes upon the property and interest upon the purchase price. The time could be made certain by the defendant tendering a deed and demanding the $1,000. As to the uncertainty of the description of the property, it was proper to show what the property was by parol evidence, and that was also rendered certain by the plaintiff entering into possession of a properly defined and described piece of property as appears by the pleadings.

The question to be determined at the trial was whether there existed a contract between the plaintiff and defendant sufficient in law, and which equity ought to enforce.

It was not whether the contract standing alone was sufficient to warrant a judgment of specific performance, but whether, under all the facts and circumstances appearing upon the trial, such a judgment ought to be rendered.

Considering all the negotiations, the fact of possession by the plaintiff and his making improvements upon the property and payment of taxes, it would have been a fraud upon the plaintiff to permit the defendant to refuse performance of his part of the contract.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurs; DYKMAN, J., not sitting.