## MILLER v. TUCK.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. STATUTE OF FRAUDS—SALE OF REAL ESTATE—MEMORANDUM—DESCRIPTION OF PREMISES—IDENTIFICATION—PAROL EVIDENCE.

A memorandum of a contract for the sale of lands referred to the property as situated on S. street, between L. and R. avenues, and recited that the balance of the purchase price was to be paid on turning over sheriff's deed on the property. *Held* that, in an action on the contract by the purchaser, it was proper to admit parol evidence in identification of the premises, to the effect that defendant owned only one lot on S. street, between L. and R. avenues, which had been conveyed to her on a foreclosure sale, and that the deed had been recorded.

Appeal from Special Term, Kings County.

Action by Ida Tuck against Morris Miller. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Robert H. Elder (George F. Parsons, on the brief), for appellant. Nathaniel Tonkin, for respondent.

WILLARD BARTLETT, J. This is a suit to compel the specific performance of a contract for the sale of land. Two questions are presented by the appeal: (1) Whether the memorandum of the contract is sufficient to satisfy the statute of frauds in respect to the identification of the subject-matter; and (2) whether certain parol evidence received by the learned trial judge for the purpose of identifying the property was properly admitted.

The memorandum of the contract was as follows:

"Received from M. Miller, the sum of $15 Fifteen Dollars, as deposit on purchase price, which is $1025 to be paid in full in cash on property situated on Sackman Street between Livonia and Riverdale Av. The balance $1010 —Ten hundred and ten dollars to be paid on turning over Sheriff's Deed on said property—Deed to be transferred on July 10th, 1902 at the office of S. S. Schwarz, 26 Court Street, at 12 o'clock noon. Isaac Tuck.
"Attorney for Ida Tuck."

In order to ascertain what property was embraced within this contract, the court, over the objection and exception of the defendant, received parol evidence as to what occurred between the parties at the time of its execution. After this testimony was all in, counsel for the defendant admitted that at the time when the memorandum was executed the defendant owned only one piece of property on the block mentioned in the memorandum, that she had purchased such property at a sheriff's sale on the foreclosure of a mortgage which she held, and that the deed was still in the register's office. These admissions were qualified by the statement that counsel did not admit that the property was described in the memorandum.

I understand the rule to be, in cases where a memorandum relating to the sale of real estate is attacked under the statute of frauds for insufficiency in respect to the identification of the subject-matter,

¶ 1. See Evidence, vol. 20, Cent. Dig. § 2118.

that, while parol evidence may not be admitted as to the terms of the agreement, it nevertheless is receivable to show extrinsic circumstances relating to the situation of the parties in respect to the land, so as to enable the court definitely to ascertain the property to which the contract referred. Thus in the present case it would have been competent for the plaintiff to show by parol evidence that the defendant owned only one lot of land on Sackman street, between Livonia and Riverdale avenues, in the borough of Brooklyn; being premises which had been conveyed to her by the sheriff upon a previous foreclosure sale, the deed of which had been duly recorded in the office of the register of Kings county. The necessity of establishing these facts by parol was obviated by the admissions in behalf of the defendant to which I have already referred. These admissions suffice to sustain the judgment, notwithstanding the error which the learned trial judge committed in also receiving oral testimony relative to what was said at or about the time of the execution of the agreement. That testimony was wholly immaterial, and can have had no injurious effect upon the defendant, inasmuch as the facts established by the admissions identified the property so unmistakably as to entitle the plaintiff to judgment.

It is proper to refer to some of the authorities which seem to me to establish the rule of law as I have stated it above: "It must, of course, appear from the memorandum," says Browne in his well-known treatise on the Statute of Frauds, "what is the subject-matter of the defendant's engagement. Property which is purported to be bargained for must be so described that it may be identified. * * * But the subject-matter may in any case be identified by reference to an external standard, and need not be, in terms, explained. Thus to describe it as the vendor's right in a particular estate, or as the property which the vendor had at a previous time purchased from another party, is sufficient." Browne on the Statute of Frauds (5th Ed.) § 385. While the general rule is that parol evidence bearing upon the terms of the contract is not admissible, yet "parol evidence of the situation and circumstances of the land or other subject-matter about which the contract treats is admissible to explain and give effect to the terms of the contract." Shaw, C. J., in Atwood v. Cobb, 16 Pick. 227, 232, 26 Am. Dec. 657. In Dana v. Fiedler, 12 N. Y. 40, 62 Am. Dec. 130, the written contract was for the sale and delivery of "one hundred and fifty casks, of one ton each, best madder 12 1-4"; and the Court of Appeals held that parol evidence was admissible to show that among dealers in madder the figures used in the contract meant 12¼ cents per pound. In Hagan v. Domestic Sewing Machine Co., 9 Hun, 73, the written contract provided for certain specified payments by the defendant to the plaintiff "for his services," and it was held that parol evidence as to the surrounding circumstances might be admissible to show what services the plaintiff was to render; Learned, P. J., saying that the surrounding circumstances, though not the parol agreement or conversations of parties, are always admissible to explain the meaning of a written contract. In Waring v. Ayres, 40 N. Y. 357, the agreement was to convey "two lots owned by me in 116th street, New York, between

8th and 9th avenues; said lots being 25 feet front, by about 75 feet deep " The referee before whom the case was tried found that no other lots than those named in the judgment would answer that description, and it was held that parol evidence was admissible to identify the two lots. "An agreement," said Woodruff, J., "to sell and convey the farm in the town of Bath, belonging to me, is definite and certain the moment it appears which farm in the town of Bath, does in fact belong to me. * * * It presents the precise case in which proof of extrinsic facts is allowed in order to apply, not to alter or vary, a written agreement." In Lee v. Briggs (Sup.) 6 N. Y. Supp. 98, affirmed 127 N. Y. 653, 27 N. E. 857, which was a case before the General Term of this Department, the written contract was dated at Jerome, N. Y., and provided for the purchase of "house and lots (No. 17 to 23) here for $5,000." The General Term held in respect to the description that it was proper to show what the property was by parol evidence. In Hurley v. Brown, 98 Mass. 545, 96 Am. Dec. 671, the written memorandum recited the receipt of $50 in part payment "of a house and lot of land on Amity Street in Lynn, Mass." The Supreme Judicial Court of Massachusetts, in sustaining the admission of parol evidence to remove the ambiguity in the contract, said:

"We regard the fair construction of the words used to be that they relate to a house and lot owned, at the time the memorandum was signed, by the parties who subscribed it. Thus interpreted, they are sufficiently certain, and the oral evidence is needed only to apply the description. This must be done by extrinsic evidence in every contract or conveyance, however minutely the boundaries of the estate may be set forth. The maxim, 'Id certum est quod certum reddi potest,' is the established rule of construction in suits for specific performance."

The same doctrine is reiterated by the same court in Mead v. Parker, 115 Mass. 413, 20 Am. Rep. 110, where Wells, J., said:

"When all the circumstances of possession, ownership, situation of the parties, and of their relation to each other and to the property, as they were when the negotiations took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it, as a sufficient written contract or memorandum of their agreement. That parol evidence is competent to furnish these means of interpreting and applying written agreements is settled by the uniform current of authorities."

None of the cases cited in behalf of the defendant, when carefully examined, appears to decide anything necessarily in conflict with these views.

In Cooley v. Lobdell, 153 N. Y. 596, 47 N. E. 783, the written promise to convey was found in the words, "I will give you a deed of the sixty acres," contained in a letter. It appeared that there had been a prior oral agreement by the writer to convey to the recipient of the letter 60 acres off the western end of his farm, and that stakes had been set to mark the division line between the 60 acres and the rest of the farm; but it was held that the plaintiff could take nothing on account of the letter, not only because it failed to satisfy the statute of frauds by expressing the consideration, but because it was so indefinite in its description of the land that the intention of the par-

ties could not be gathered from it. The opinion does not indicate that any question as to the admissibility of evidence in relation to the extrinsic circumstances to help out the description was raised or decided in this case.

Mentz v. Newwitter, 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514, does not deal particularly with the description of the subject-matter of the contract, but near the end of the opinion states that the memorandum of the sale of lands required by the statute of frauds must be such that when it is produced in evidence it will inform the court or jury of the essential facts set forth in the pleading, and which go to make a valid contract. Judge Brown adds:

"Such essentials must appear without the aid of parol proof, either from the memorandum itself, or from a reference therein to some other writing or thing; and such essentials, to make a complete agreement, must consist of the subject-matter of the sale, the terms, and the names or a description of the parties." Page 498, 122 N. Y., page 1046, 25 N. E., 11 L. R. A. 97, 79 Am. St. Rep. 514.

This does not negative the propriety of parol proof of the surrounding circumstances to identify the property.

Drake v. Seaman, 97 N. Y. 230, has no application to the case at bar, inasmuch as the contract there under consideration wholly omitted to state the subject-matter of the agreement.

The case of Wright v. Weeks, 25 N. Y. 153, related to a contract for the sale of land, where the writing fixed the price, but referred to the "terms as specified," which were not in the memorandum; and it was held that parol evidence was not receivable as to the time agreed upon for payment. This was an omission of one of the essential elements of the contract—an omission incapable of being supplied by proof of the circumstances of the parties, which could throw no light upon their intention as to the price at which the land was to be sold and bought.

Bailey v. Ogden, 3 Johns. 399, 3 Am. Dec. 509, related to the sale of sugars. The only portion of the opinion which seems relevant here is this remark by Kent, C. J.:

"The form of the memorandum cannot be material, but it must state the contract with reasonable certainty, so that the substance of it can be made to appear and be understood from the writing itself, without having recourse to parol proof."

The memorandum held to be insufficient was wholly unintelligible as to what specific article was the object of the sale, or what quantity, or at what price.

In Mead v. Lawson, How. Cas. 394, the contract provided for the conveyance of a certain piece of land in the town of Coeymans and county of Albany, "supposed to contain about six or eight acres of land, commencing at John Mead's line, at a stone marked J. L., from thence easterly to Henry Keefer's line." The Supreme Court, per Nelson, C. J., held the contract to be void for uncertainty in the description of the premises, saying:

"The description of premises, to which any effect can be given, must be either perfectly certain of itself, or capable of being made so by a reference to something extrinsic the contract."

The judgment was affirmed by the Court of Appeals. The opinion in this case contains no express adjudication as to admissibility of parol evidence of extrinsic circumstances to identify the property referred to in the writing, although some testimony of this character appears to have been received upon the trial before the plaintiff was nonsuited. Chief Justice Nelson evidently regarded this evidence as of no value, for he says, "Here nothing is referred to by which to define the parcel. Everything is blank, in and out of the agreement." It does not seem to me that the case can be regarded as an authority one way or the other upon the question under discussion, but, if it can be construed as supporting the contention of the defendant, I think it must be deemed to have been overruled by the subsequent decisions in this state to which I have referred.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.