LESLIE CRANDALL, Plaintiff, v. ERNESTINE M. SMITH, Defendant.

Supreme Court, Rensselaer County, September 15, 1939.

*Lucien E. Clickner*, for the plaintiff.

*Guy F. Swinnerton*, for the defendant.

BERGAN, J. The agreement, specific performance of which is sought by the plaintiff, was subscribed by the defendant only. The text is as follows: " I promise to sell to Leslie Crandall my property for $2500 cash. I received one dollar to bind bargain." The complaint alleges, in effect, that the words " my property "

were intended to relate to certain real estate in the town of Berlin, Rensselaer county; then owned by the defendant, a description of which is pleaded.

I think the words " my property " are too indefinite and uncertain to constitute a complete contract, enforcible by an action for specific performance. The intent of the subscriber may only be ascertained by resort to parol evidence. Resort to such evidence may not be had to ascertain the intent. The agreement or memorandum must be sufficiently clear and explicit to be understood from its own text unaided by extrinsic interpretation. This memorandum is not one in which the subject-matter of the agreement requires merely identification. It is essential that the subject-matter be sufficiently described to admit of definite identification.

The words " my property " are too broad and indefinite to be aided by anything less than proof of the intention. The rule quite consistently followed in this State was enunciated by Chancellor KENT, then chief justice of the Supreme Court, in *Bailey* v. *Ogden* (3 Johns. *399, *419): " The form of the memorandum cannot be material, but it must state the contract with reasonable certainty, so that the substance of it can be made to appear, and be understood from the writing itself, without having recourse to parol proof. This is the meaning and substance of the statute, and without which, the beneficial ends of it would be entirely defeated. * * * The memorandum * * * has not the essentials of the contract, or memorandum of a contract. No person can ascertain from it * * * what specific article was the object of the sale."

In every case that has come to my attention relating to the enforcement of contracts for the sale of real property some expression was contained in the memorandum stating that real property was intended to be conveyed and indicating, with varying degrees of precision, in each instance susceptible of definite identification, where the property was located. In *Miller* v. *Tuck* (95 App. Div. 134) the subject-matter of the agreement was described therein as " property situated on Sackman Street between Livonia and Riverdale Av." This decision is relied upon by the plaintiff. Judge BARTLETT, writing for the Appellate Division, stated the general rule (at p. 135): " I understand the rule to be in cases where a memorandum relating to the sale of real estate is attacked under the Statute of Frauds for insufficiency in respect to the identification of the subject-matter, that while parol evidence may not be admitted as to the *terms* of the agreement, it nevertheless is receivable to show extrinsic circumstances relating to the situation

of the parties in respect to the land, so as to enable the court definitely to ascertain the property to which the contract referred. Thus, in the present case it would have been competent for the plaintiff to show by parol evidence that the defendant owned only one lot of land on Sackman Street between Livonia and Riverdale Avenues in the Borough of Brooklyn." Quoting Browne's treatise on the Statute of Frauds, Judge BARTLETT continued (p. 136): " ' It must, of course, appear from the memorandum what is the subject-matter of the defendant's engagement. Property which is purported to be bargained for must be so described that it may be identified.' "

Similar words of identity indicating that real property was intended to be conveyed and indicating with sufficient definiteness to render susceptible of ascertainment where the property was located, appear in other authorities relied upon by the plaintiff. In *Morrison* v. *Brenmohl* (137 App. Div. 4) the property was described as the " place at Moriches, on the north side of Old County Road, being about twenty-five acres, including buildings." In *Tobias* v. *Lynch* (192 App. Div. 54) the property was described as " house number 1142 E. 13th St., Bklyn." In *Waring* v. *Ayres* (40 N. Y. 357) the words " two lots owned by me in 116th street, New York, between 8th and 9th avenues, said lots being 25 feet front by about 75 feet deep," were used. In *Robbins* v. *Clock* (59 Misc. 289) the opinion of the court indicates that the agreement covered some forty-five lots of land and in addition a strip of land running along a public highway ten feet in width. The misnomer of the county in which it was located was held to be immaterial.

The decision of the Court of Appeals in *Cooley* v. *Lobdell* (153 N. Y. 596) is quite closely analogous to the facts in this case, and I think the decision there is controlling upon the determination to be made upon this motion. The memorandum in the *Cooley* case stated: " I will give you a deed of the sixty acres." It will be seen that that description was far more definite than the one relied upon here. At least it was there ascertainable that the parties had in mind a conveyance of real property in a definite quantity. Of that agreement Judge VANN said (p. 600): " The plaintiff can take nothing on account of the letter, because it fails to satisfy the statute by expressing the consideration, and is so indefinite in its description of the land that the intention of the parties cannot be gathered from it. The statute requires the contract or some note or memorandum thereof to be in writing, and a writing cannot be a memorandum of a contract unless it contains the substance of a complete agreement, so that the full intention of the parties

can be ascertained from it alone without recourse to parol evidence."

Thus the word " property " used in a release was said in *Odell* v. *Montross* (68 N. Y. 499) not to be sufficient to release the right of redemption or to convey any lands or interest in lands. The court said (p. 505): " No lands in particular are referred to. No agreement can be spelled out of the instrument which could be specifically performed, and it could not be aided and made a perfect contract to release or convey lands by parol proof." (See, also, *Drake* v. *Seaman*, 97 N. Y. 230.)

Even though the instrument upon which the complaint is based were to be construed as a sufficiently definite indication of the intent of the defendant in subscribing to it to bind herself to the conveyance of the land described in the complaint, the agreement was not at all binding upon the plaintiff. Accordingly it must be treated as a unilateral agreement and unenforcible in specific performance at the instance of one not bound by its terms. (*Levin* v. *Dietz*, 194 N. Y. 376.)

Complaint dismissed, with costs, but without costs upon the motion. Submit order.