Saktry, J.
The parties entered into a written contract whereby the defendant-appellant Leo J. Stewart, agreed to sell, and the plaintiff-respondent to purchase, a parcel of real estate for $16,000. The purchaser paid a deposit of $5,000 on the signing of the contract. A disagreement arose and the purchaser refused to complete the purchase. The purchaser then brought this action to recover the deposit and the expenses of examining the title, alleging fraud and misrepresentation on the part of the vendor with reference to the cellar in a building on the premises.
The defendants interposed a general denial to the allegation of fraud and set up a counterclaim for specific performance by the plaintiff and the payment of the balance of the purchase price, together with damages for failure to carry out the contract. On motion by the plaintiff to strike out the counterclaim on the ground that the description of the property contained in *430 the contract was too indefinite to satisfy the Statute of Frauds, the order appealed from was granted.
The description in the contract was as follows: 1 ‘ Premises: On South Side of Turner Land, Loudonville, N. Y., Town of Colonie, County of Albany, New York on lot 150' wide and 107' deep with dwelling thereon ”. It is conceded that the phrase ‘‘Turner Land ” is a typographical error and should read “ Turner Lane ”.
To satisfy the requirements, of the Statute of Frauds, a written contract for the purchase and sale of real estate must describe the property involved with such definiteness and exactness as will permit it to be identified with reasonable certainty. Such description may contain all of the elements of identification within its own terms or it may incorporate some of them by reference to other writings or extrinsic facts, and if these writings and extrinsic facts supplement the terms of contract sufficiently to make identification reasonably certain, the requirements of the statute are met. (Tallman v. Franklin, 14 N. Y. 584, 592; De Goode v. Burton, 141 App. Div. 22, 25.)
In the instant case there is no reference to other documents or to outside facts that in any way serve to supplement the text of the contract in the matter of identification. With reference to the text itself, any lot 150 feet by 107 feet on Turner Lane with a dwelling thereon, would satisfy the description. This lack of definite specifications makes it impossible to determine the property involved by reference to the contract. In those cases where the courts have held meagre descriptions sufficient there have been included certain definite facts which pointed to the property intended to the exclusion of other property. Typical examples include the specification of street numbers; corner of intersecting streets; adjoining definitely described property; property owned by vendor; property on a specified street between intersecting streets, etc., all of which could be easily established and would make identification definite. (Lukawski v. Devlin, 214 App. Div. 734, affd. 243 N. Y. 583; Tallman v. Franklin, 14. N. Y. 584, supra; People ex rel. Myers v. Storms, 97 N. Y. 364; Waring v. Ayres, 40 N. Y. 357; Miller v. Tuck, 95 App. Div. 134.)
To amplify the description in question sufficiently to make it apply to a specific parcel of land would require the use of parol testimony beyond the limits permitted by law. (Cooley v. Lobdell, 153 N. Y. 596; Crandall v. Smith, 172 Misc. 92.) It may be that the parties fully understood the identity of the property with reference to which they were dealing, but this does not *431 justify relief from compliance with the provision of a statute which, in the interest of public policy, requires contracts for the sale of land to be in writing in order to be enforced.
The order appealed from should be affirmed, with costs.
Fosteb, P. J., Bbewsteb, Deto and Bergan, JJ., concur.

i

Order affirmed, with $10 costs.