S. H. VANDENBURGH, Respondent, *v.* WILLIAM MADARASH et al., Appellants.

Third Department, March 31, 1954.

*Thomas J. Mahoney* for appellants.

*A. Kendall Roberts* for respondent.

COON, J. This is an appeal from a judgment which granted specific performance of a contract for the sale and purchase of certain real estate. Both parties signed a written contract

prepared by the agents of the sellers, and therefore to be construed strictly against them. The sum of $200 was paid as a down payment, and the written contract was concededly complete in its terms with the possible exception of the description of the property. The only question in the case is whether the description in the contract sufficiently identifies the property to satisfy the Statute of Frauds.

It is well established by the cases that the description in a contract need not be as detailed and exact as the description in a deed, and that all that is required is that the property can be identified with " reasonable certainty." (*Van Der Bent* v. *Gilling,* 158 App. Div. 687, 689; upon a retrial the description was held adequate and specific performance granted. This decision was affirmed without opinion, 164 App. Div. 920, and affirmed by the Court of Appeals, 221 N. Y. 528.)

The description used in the contract here is as follows: " all that tract * * * situated in the Town of Colonie, County of Albany and State of New York known as The Madarash farm property on Mill Road approximating 25 acres of ground with a frontage on Mill Road of 520 feet and approximately 50 to 60 feet frontage on the Troy-Schenectady Road. This acreage is to be surveyed and a map furnished by party of the first part [defendants-appellants] and to be initialed as accepted by party of the second part [plaintiff-respondent] before the sale is closed and the Deed delivered. * * * The Madarash homestead on the n/s [north side] Troy Schenectady Road at Stop 31 with a frontage of approximately 240' and a depth of 200' is not included in the above acreage or price of this contract."

The property is thus identified as the " Madarash Farm property on Mill Road " which is sufficient identification in and of itself save for the exceptions. The farm homestead fronting on the Troy-Schenectady Road was expressly excepted in the contract, and there is no dispute about the boundaries of that. Appellants concede in their brief that " inadvertently " no mention was made of the reservation of another lot at the southeast corner of the tract (although the contract was prepared by their agent). While this lot was not expressly reserved in the contract, the dimensions given in the contract actually exclude it from the purchase in express terms. The contract provides that the plaintiff was purchasing 50 to 60 feet frontage on the Troy-Schenectady Road. In the subsequent survey (which was expressly provided for in the contract) the actual distance is 55.4 feet. The contract then provides for a frontage on Mill

Street or Road, of 520 feet. The contract having mentioned both streets, it is a fair inference that the 520 feet on Mill Road are to be measured from the corner of the Troy-Schenectady Road. Actually, according to the survey subsequently made, the distance is 515.2 feet from that corner to the corner of the lot intended to be reserved. Thus this measurement alone excludes the lot intended to be reserved. Moreover, the stipulation of facts concedes that it was the intention of the parties to except this lot and that a stake was driven on Mill Road to fix the westerly line of the lot. This is not oral testimony, it is a stipulated fact. The entire frontage of all the property on Mill Road is 715.2 feet, and when the contract calls for 520 (actually developing on the survey to be 515.2 feet), by any reasonable construction of its terms it excludes a frontage of approximately 200 feet, and sufficiently describes the portion purchased.

The appellants are satisfied with a frontage of 200 feet for their lot and apparently placed the stake at the corner thereof. The surveyor employed by appellants fixed the line to make the rear of the lot 200 feet and made the west line parallel with the east line. As he was the agent of the sellers, it is fair to assume that he was able to identify the property purchased from the contract, or obtained any additional information from the sellers, and made a map which is referred to in the contract and becomes a part of it by its express terms. It is a fair inference, in the absence of an agreement to the contrary, that a lot with a 200-foot frontage should measure 200 feet at the rear, and that the lines should be parallel. (*Van Der Bent* v. *Gilling, supra*.) What appellants seek to do is to have the westerly line run perpendicularly to Mill Road (although none of the other lines involved in the whole property do) and thereby create an irregularly-shaped lot.

If the contract by its measurements did not adequately identify the property or if there was any ambiguity, the contract itself provided the method of reducing it to exactness, to wit: A survey and a map to be made by the sellers and initialed by the purchaser, all of which was done. It is true that the sellers did not know at the time that the map was being presented to the purchaser, but it was presented by their agent.

It appears to be without dispute that this small strip of land in controversy is unoccupied, unimproved and has no special value and might be characterized as trivial. We think the judgment can be sustained even technically upon the description in the contract, and, if not, the contract expressly provides for

the " key " or method of supplementing the description, which was done by sellers' agent. (*Van Der Bent* v. *Gilling, supra.*)

The judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Judgment affirmed, with costs.