In the Matter of VALSTREY SERVICE CORPORATION, Appellant, against BOARD OF ELECTIONS, NASSAU COUNTY, et al., Respondents.— Appeal from an order denying appellant's application for leave to serve a late notice of claim on the Board of Elections, Nassau County, and on County of Nassau Sanitation and Water Supply Division (departments of Nassau County, a municipal corporation), prospective third-party defendants, pursuant to the provisions of subdivision 5 of section 50-e of the General Municipal Law. One Sadie Ascher was injured on November 2, 1954, when, as she was about to enter premises known as 145 East Merrick Road, Valley Stream, she was caused to step into a hole or pit and was thrown to the ground. She sued the owners of the building and the lessee, the appellant herein, to recover damages for personal injuries. The date of the commencement of the action against appellant does not clearly appear in the record, but the parties to this appeal both argue on the assumption that it was on or about May 5, 1955. The notice of motion for leave to serve the notice of claim and the verification of the affidavit of the attorney for appellant in support of the motion were dated July 22, 1955, and the proposed third-party complaint annexed to the motion papers, setting forth two purported causes of action, pursuant to section 193-a of the Civil Practice Act, to recover over against said departments of Nassau County, was verified August 2, 1955 — both within ninety days from May 5, 1955. Order affirmed, without costs. The sole basis of our affirmance is that under the circumstances here presented the statute (General Municipal Law, § 50-e, subd. 5) does not confer upon the court the discretion to permit the service of a *late* notice of claim. We do not, however, on this appeal reach or determine the broader and more pertinent question whether here, in the first instance, there is any requirement for the service by appellant of a notice of claim, nor, if there be such requirement, the appropriate date of the beginning of the period of limitation prescribed for service of the notice. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.

KLIR REALTY CORP., Respondent, v. BRONISLAW BOBINSKI et al., Appellants.— In an action to compel the specific performance of an agreement for the sale of real property, and for other relief, the appeal is from an order denying a motion, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the complaint on the grounds that the complaint does not state facts sufficient to constitute a cause of action and that the agreement is void under the Statute of Frauds (Real Property Law, § 259), and for other relief. The agreement recites that, upon stated terms and conditions, the appellants are to convey to respondent a farm of approximately 187 acres, owned by one of them, and that respondent is to deed back upon the closing a house and barns together with 3 acres of land, with a frontage of not less than 325 feet on a named road. Appellants contend that the description of the property to be reconveyed is insufficient. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.