Lois Bryant, as Administratrix of the Estate of Daniel J. Bryant, Sr., Deceased, Appellant, *v.* Arthur Wilson et al., Respondents.

Third Department, January 24, 1974.

*Lois Bryant,* appellant in person.

*Davison, Holbrook & Johnston (William C. Johnston* of counsel), for respondents.

Herlihy, P. J. This is an appeal from an order of the Supreme Court at Special Term, entered July 17, 1973 in Rensselaer County, which granted defendants' motion for dismissal of the complaint on the ground that the contract on which the complaint was based was unenforceable under the provisions of section 5–703 of the General Obligations Law of the State of New York (Statute of Frauds).

The complaint alleged that the plaintiff's intestate during his lifetime entered into a contract with the defendants for the purchase of certain real property known as "Pine Valley Farm" whereby the decedent, upon the payment of $700 and taxes, was to receive a deed from the defendants of the said property. There was a further allegation that, after such agreement, the decedent took possession of the said premises; made payments of $500; and that on May 2, 1969 the defendants documented the agreement by a writing which reads as follows:

"Received of Daniel J. Bryant, Sr.
Sum of $100

Payment on Pine Valley Farm
Balance $200 Dollars

Signed;             Arthur Wilson
                      Catherine M. Wilson "

The complaint further alleged that the decedent, at all times, was ready, willing and able to pay the balance due and had demanded a deed and also, that the plaintiff, since her intestate's death, has demanded the delivery of a deed and was prepared to pay the balance due.

The defendants did not answer the complaint, but moved to dismiss, as a matter of law, on the ground that the contract was unenforceable and barred by the Statute of Frauds. Special Term granted the motion.

The well-established law is that oral contracts for the sale of real property are unenforceable unless there is a written memorandum of the agreement signed by the parties to be charged, in this case the defendants (General Obligations Law, § 5–703).

The supportive affidavit to the motion papers of the defendants alleged that the said defendants were the joint owners of the property in question, which they rented in 1956 to the plaintiff and her deceased husband Daniel J. Bryant, Sr. Defendants further stated that they signed a written document, dated May 2, 1969, but that it was only a receipt for the partial payment of past due rents. They specifically alleged that they had not entered into any agreements, either oral or written, for the sale of the real property to the plaintiff and her deceased husband.

The issue on this appeal, by way of a motion to dismiss, is whether the written instrument of May 2, 1969, as alleged in the complaint, is sufficient on its face to overcome the Statute of Frauds.

Special Term, in sustaining the motion to dismiss, found that it was insufficient as the written instrument failed to specify the entire amount to be paid and the time when such amount was to be paid and placed reliance upon *Mentz v. Newwitter* (122 N. Y. 491, 497). That was an action to recover the difference between the sum paid for certain real estate at an auction sale and the sum for which the said real estate was resold upon the refusal of the defendant to complete the purchase and the decision followed a report by a Referee. The court found that the memorandum failed to state the name of the vendor or to give any description by which he or she could be identified and the omission was fatal and granted a new trial. It is distin-

guishable from the present appeal which results from the granting of a motion to dismiss as a matter of law.

There are various other decisions relied upon by the respective parties, all of which are distinguishable. In *Miller* v. *Ball* (64 N. Y. 286) the judgment was entered following a hearing by a Referee. In *N. E. D. Holding Co.* v. *McKinley* (246 N. Y. 40), which concerned a memorandum of contract for the sale of property, a ruling of the Appellate Division reversed Special Term and granted the motion to dismiss on the ground that some of the terms of a complete agreement were absent from the writing. The Court of Appeals reversed and the order of Special Term was affirmed. In *Farr* v. *Newman* (18 A D 2d 54, affd. 14 N Y 2d 183) the action was for specific performance of a contract for the purchase and sale of real property. The defendant, among other defenses, pled the Statute of Frauds. The judgment was entered following a trial.

The defendants do not deny signing the memorandum of May 2, 1969, but alleged it was not for the sale of the property but for the rental thereof and this creates a question of fact. There are other matters alleged in the complaint, i.e., possession, payment of taxes, all of which may shed further light on the intent of the memorandum at the time of the trial. We need not now pass upon such issues. It is sufficient to find, as a matter of law, upon the present record, that the memorandum is sufficient to overcome the motion to dismiss as barred by the Statute of Frauds.

The order should be reversed, on the law, with costs, and motion denied; defendants are granted 20 days after service of a copy of the order of this court to answer or otherwise plead.

GREENBLOTT, COOKE, KANE and MAIN, JJ., concur.

Order reversed, on the law, with costs, and motion denied; defendants are granted 20 days after service of a copy of the order of this court to answer or otherwise plead.