■ ARTHUR J. BOYAJIAN, Appellant, v ERIKA CASEY, as Administrator of the Estate of MARTHA E. REINHOLT, Formerly Known as MARTHA TIEMER, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered March 26, 1975 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment. Plaintiff in the instant action seeks specific performance of a contract for the sale of a parcel of real property described in the contract as "aprox. 106 Acres Book 488. Page 527 Recorded Saratoga Co. Clerks off. House & Barn. Except camp with Aprox. 2½ Acres Seller gives right of way in front of camp on river bank". Special Term held that the description of the exempt two and one-half acres and thus the description of the remaining property to be conveyed was insufficient. The issue on this appeal is thus whether the description of the property to be conveyed is sufficient to overcome a motion to dismiss on the basis of the Statute of Frauds (Bryant v Wilson, 43 AD2d 293). We find that it is. Subdivision 2 of section 5-703 of the General Obligations Law states that a contract for the sale of real property is void unless the contract or some note or memorandum thereof sufficiently identifying the property is in writing, subscribed by the party to be charged. The description of the property need not, however, be as exact and detailed as a description in a deed (Vandenburgh v Madarash, 283 App Div 537); it need only be described "with such definiteness and exactness as will permit it to be identified with reasonable certainty" (Barber v Stewart, 275 App Div 429, 430; see, also, Piazza v Sutherland, 53 Misc 2d 726; Crandall v Smith, 172 Misc 92; 56 NY Jur, Statute of Frauds, § 188). Moreover, if this test is met parol evidence would then be admissible to enable the court to identify precisely the property to which the contract relates (Balkum v Marino, 299 NY 590; Malin v Ward, 21 AD2d 926, mot for lv to app den 15 NY2d 482; Miller v Tuck, 95 App Div 134). Here the main parcel of 106 acres is adequately described. There is reference to a book number and a page number in the Saratoga clerk's office which readily describes the property. The question, therefore, is whether the exclusion of the two and one-half-acre camp, with no specific location within the 106 acres, renders the property description vague and unenforceable. While standing alone, the description of a property as a two and one-half-acre camp might possibly be considered too vague to satisfy the Statute of Frauds, the complete contract further specifies the general location of the camp, thereby warranting parol evidence to indicate its exact location within the main tract (see Klir Realty Corp. v Bobinski, 1 AD2d 976). Accordingly, summary judgment should not have been granted, and the order of Special Term must be reversed. Order modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment; motion denied and complaint reinstated. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.