■ Astra Maccioni, Respondent, v Margaret Guzman, Appellant, et al., Defendant.—In an action for specific performance of a contract for the purchase of real property, the defendant Margaret Guzman appeals from an order of the Supreme Court, Orange County (Green, J.), entered August 10, 1987, which denied her motion to dismiss the complaint as against her and to vacate a notice of pendency.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant Margaret Guzman entered into a "purchase-offer" agreement on March 11, 1987 for the purchase of a parcel of real property owned by Guzman. The purchase-offer agreement stated on its face that it was "Subject to first binder being null and void". This was a reference to a "binder agreement" dated February 15, 1987, which had been entered into by Guzman and the defendant Edward J.

McCauley, Jr., an earlier prospective purchaser. In and about on April 1987 the plaintiff commenced this action seeking specific performance of the purchase offer.

Guzman moved to dismiss the complaint under CPLR 3211 (a) (5) and to vacate a notice of pendency. The Supreme Court denied the motion, finding that the Statute of Frauds was satisfied and that a triable issue of fact existed as to whether the first binder had become null and void. We agree.

The Statute of Frauds, General Obligations Law § 5-703 (2), provides that "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing".

It is well settled that for purposes of the Statute of Frauds property need only be described with such definiteness and exactness as will permit it to be identified with reasonable certainty (*Waring v Ayres,* 40 NY 357; *Boyajian v Casey,* 52 AD2d 1014; *Miller v Tuck,* 95 App Div 134). The address "Deer Trail North" and tax map numbers "72-1-39" can be identified with reasonable certainty as it is undisputed that it is the only property owned by the plaintiff on Deer Trail North (*see, Boyajian v Casey,* 52 AD2d 1014, *supra).*

That a more formal contract was contemplated by the parties does not make the purchase-offer agreement insufficient where the writing contains the essential elements of a contract (*Sheehan v Culotta,* 99 AD2d 544). The plaintiff's purchase offer which contains these elements therefore satisfies the Statute of Frauds.

Moreover, there is a triable issue of fact over whether the first binder agreement became "null and void" or in Guzman's words "blossomed into a fully executed contract". Accordingly, the motion to dismiss the complaint and to vacate the notice of pendency was properly denied. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.