## CALKINS *v.* FALK.

March, 1869.

Affirming 39 *Barb.* 620.

A memorandum of a contract of sale, to bind the seller under the statute of frauds, must show with sufficient certainty who are the contracting parties, and which is the seller.*

It will not be presumed, in the absence of evidence, that two such names, as Falk and Falleck, were intended of the same person.†

In an action for breach of an executory contract of sale of goods exceeding fifty dollars, in value, plaintiff produced a memorandum, signed by defendant, stating that "I have this day sold" designated goods, without stating to whom, and containing also the statement "for which I promise to pay to said Abram *Falk* [defendant], the sum of," &c. A memorandum precisely similar, except that it was signed by plaintiff's assignor, the alleged buyer, and named Abram *Falker*, as the payee, was also produced. *Held*, that these did not constitute a sufficient memorandum within the statute.

William B. Calkins sued Abram Falk in the supreme court, to recover for the breach of an executory agreement alleged to have been made by defendant, with plaintiff's assignor, James

---

* See also Parkhurst *v.* Van Cortlandt, 14 *Johns.* 15 reversing 1 *Johns. Ch.* 273 ; Abeel *v.* Radcliff, 13 *Johns.* 297 ; Wright *v.* Weeks, 25 *N. Y.* 153 ; affirming 3 *Bosw.* 372 ; Dana *v.* Fiedler, 1 *E. D. Smith*, 463 ; Waring *v.* Ayres, 40 *N. Y.* 357.

As to reading several papers together, see Spear *v.* Hart, 3 *Robt.* 420 ; Passaic Manuf. Co. *v.* Hoffman, 3 *Daly* 495.

† Compare Haines *v.* Smith, 45 *N. Y.* 773 ; Ganson *v.* City of Buffalo, reported in this series ; Meredith *v.* Hinsdale, 2 *Cai.* 362 ; Jackson *v.* Cody, 9 *Cow.* 140 ; Jackson *v.* Boneham, 15 *Johns.* 226 ; Jackson *v.* Hart, 12 *Id.* 77 ; Mann *v.* Carley, 4 *Cow.* 148 ; Thomas *v.* Stevens, 4 *Johns. Ch.* 607 ; Smith *v.* Smith, 4 *Paige*, 271 ; People *v.* Ferguson, 8 *Cow.* 102 ; Hay *v.* Phelps, 1 *Sandf.* 64 ; Brown *v.* Southworth, 9 *Paige*, 351.

E. Sutphen, for the sale by defendant to Sutphen of a crop of hops. The only question was whether there was sufficient proof of an agreement under the statute of frauds.

Instead of a bought note and a sold note signed by the buyer and seller respectively, there were two duplicates, alike except signatures and the spelling of defendant's name.

They were as follows:

" SEWARD, Aug. 31st, 1860.

." I have this day sold my entire crop of hops of this year's growth, of about four acres hops, to be well picked and cured and baled. Delivery to be at Palatine Bridge, upon about ten days' notice. Said hops to be a good merchantable hop, for which I agree to pay to said Abram Falk the sum of eighteen cents per pound on delivery. Said delivery to be on or before the first day of November next.      ABRAM FALK."

The other memorandum was in the same terms, except that the name of the payee in the body of the instrument was *Falleck.* in place of *Falk,* and the signature was that of James E. Sutphen.

Extrinsic evidence of mistake was not offered.

Defendant asked for a nonsuit, on the grounds that the memorandum was not sufficient under the statute, and that there was not mutuality, but the motion was denied, and plaintiff had judgment for eight hundred and nine dollars and sixty-four cents.

*The supreme court* reversed the judgment and ordered a new trial, on the former ground. (Reported in 39 *Barb.* 620.) Plaintiff appealed.

*Samuel Hand,* for plaintiff, appellant.

*R. W. Peckham, Jr.,* and *Youny & Ramsey,* for defendant, respondent.

JAMES, J.—A nonsuit should have been directed on the trial; the evidence failed to establish a legal contract binding on the defendant.

By the statute of frauds, 2 *R. S.* 136, § 3, it is declared that: " Every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void,

Calkins v. Falk.

unless, 1. A note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby; or, 2. Unless the buyer shall accept and receive part of such goods," &c.; "or, 3. Unless the buyer shall, at the time, pay some part of the purchase money."

The contract sought to be enforced was for the sale of goods of the value of over fifty dollars. No part thereof was delivered and accepted; and no part of the purchase-money was paid down.

To constitute a contract there must be parties, a subject-matter, and a consideration. The written memorandum demanded by the statute requires this, in the writing subscribed by the party to be charged. The form of the writing is not regarded; if the writing expresses a contract, no matter how informally, the statute is satisfied. So on the other hand, no matter how formal the writing may be, if it do not contain within itself a contract, it fails to satisfy the statute.

The writing set forth in the complaint did not satisfy the statute. It did not show to whom the hops were sold; it imposed no obligation upon any person to buy or to pay.* It was simply a memorandum that defendant had sold hops, for which he agreed to pay himself. It no more purported an agreement with the plaintiff's assignor, than any other party.

In Champion v. Plummer, 4 Bos. & P. 253, the plaintiff sought to recover on a memorandum in his own book, written thus: "Bought of Wm. Plummer, twenty puncheons treacle, at thirty-seven cents, to be delivered by tenth December." Signed, "Wm. Plummer." Lord Mansfield, in deciding the case, said, "How can that be said to be a contract, or memorandum of a contract, which does not state who are the contracting parties? By this note it does not appear to whom the goods were sold. It would prove a sale to any other party as well as the plaintiff; there cannot be a contract without two parties."

This deficiency of the contract sued upon, in the present case, was sought to be supplied by the production of another m-

---

* On the question of mutuality see, however, Justice v. Lang, 42 N. Y. 493, where it is settled (reversing 2 Robt. 333), that in case of a sale of goods, a want of mutuality in respect to the validity of the memorandum is no defense to a party who signed.

strument, which, it was claimed, should be construed, in connection with the first, as one instrument.

It is a rule of law, that " several written instruments executed at the same time, between the same parties, and relating to the same subject matter, may be construed together as forming parts of a single instrument."

But there was no evidence that the two instruments produced were executed at the same time; they are dated at the same town, and on the same day, but that does not prove their simultaneous execution. Nor do they purport to be between the same parties; the first had but one party; the second has two, but neither is the defendant. It was said, on the argument, that the defendant was a party,—that Falk and Falleck were the same name only differently spelled; but that cannot be presumed. If executed at the same time, and meant for the same person, the spelling would, probably, be alike, and hence the presumption is against its being the same person. The court, without extrinsic evidence, would have no right to say these names were identical. Nor does it appear that these papers relate to the same subject matter.

It is true, they both relate to a sale of hops at the same price, deliverable at the same time and place. But whose hops? Those of Falk or those of Sutphen? It cannot be determined from the writings. So that upon their face these papers do not show they were executed at the same time, between the same parties, and relate to the same subject matter. Whether proof *aliunde* would have been admissible or could have been produced, is a question which does not arise, as none was offered. In this view, the writing signed by Sutphen was improperly admitted in evidence.

But considering the two papers as parcels of one instrument, to be construed together, would not help the plaintiff's case. It would still fall short of the memorandum required by the statute of frauds. It would fail to show who were the contracting parties, which was the seller, and which the buyer. Both agree to sell and both to pay, one to himself and the other to a third party. To ascertain who were the parties, it would still be necessary to go outside the writings, and that would defeat the statute.

To answer the demands of the statute, the memorandum must express the contract, or the parties are not bound. As was said by Chief Justice KENT, in Bailey *v.* Ogden, 3 *Johns.* 399, 418, "the form of the memorandum is not material, but it must state the contract with reasonable certainty, so that the substance of it can be made to appear and be understood from the writing itself without recourse to parol proof."

These writings, one or both together, fail to meet these requirements. Hence, no legal or binding contract was established on the trial.

The order of the general term reversing the judgment below was right, and should be affirmed, and judgment absolute rendered for the defendants.

A majority of the court concurred in affirming the order.

Order affirmed; and judgment final for defendant, with costs.