LUTHER J. B. LINCOLN *vs.* ERIE PRESERVING COMPANY.

Suffolk.    September 6, 1881. — January 3, 1882.

A., who had acted as a broker for B. and had also dealt with him on his own account, telegraphed B. as follows: "Telegraph how much corn you will sell, with lowest cash price." B. replied by telegraph: "Three thousand cases, one dollar five cents, open one week." A. replied by telegraph: "Sold corn, will see you to-morrow." In an action for the non-delivery of the corn, A. offered to show that, at an interview with B. on the next day, he verbally accepted the offer contained in the telegrams; that B. promised to ship the corn to him; and that the last telegram referred to a resale by himself of the same corn to C. *Held,* that there was no sufficient memorandum in writing within the Gen. Sts. c. 105, § 5; that the evidence offered was properly excluded; and that the action could not be maintained.

CONTRACT for the non-delivery of 3000 cases of corn. Answer, the statute of frauds. Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

The defendant is a corporation established in New York, engaged in packing fruits and vegetables. The plaintiff is a broker and dealer having his office in Boston. He had acted as broker for the defendant, and had also dealt with it in his own name.

On September 26, 1879, the plaintiff signed and sent from Boston to the defendant the following telegram: "Telegraph how much corn you will sell, with lowest cash price, Buffalo." The defendant signed and sent from New York, on the same day, the following telegram: "Three thousand cases, one dollar five cents, open one week."

The plaintiff also signed and sent to the defendant, after the receipt of the above message, on the same day, the following telegram: "Sold corn, will see you to-morrow." There was no other memorandum in writing.

The plaintiff went to New York on September 27, and had an interview with the defendant's treasurer and manager. The plaintiff offered to prove that at such interview he verbally accepted the offer contained in the telegrams; that the defendant promised to ship the goods to him; and that the last telegram referred to a resale by himself of the same corn to one Hooper.

The judge ruled that the plaintiff could not maintain an action upon the contract, because it was a contract for the sale of merchandise for the price of more than $50, and there was no acceptance of any part of the goods, or giving anything in earnest to bind the bargain, or part payment, and no sufficient note or memorandum in writing of the bargain made and signed by the defendant, or by any one thereunto authorized, because the name of the purchaser was not disclosed in the writings; and that no parol testimony could supplement the telegrams so as to bind the defendant to its offer; and found for the defendant. The plaintiff alleged exceptions.

*A. Hemenway*, for the plaintiff.

*W. B. French*, for the defendant.

ALLEN, J. The telegrams do not contain any offer by the defendant to sell to the plaintiff. The plaintiff was a broker, and had acted as a broker for the defendant, and also had dealings with it on his own account. Construing the first two telegrams together, the defendant says to the plaintiff that it will sell a certain quantity of corn, on certain terms, and within a certain time; but it does not say that it will sell to the plaintiff. It says in effect that it will hold the corn for a week, for the plaintiff to find a purchaser. The plaintiff's reply confirms this construction, for he does not say that he will take the corn, but that he has sold it, and will see the defendant the next day. *Smith* v. *Gowdy*, 8 Allen, 566. *Champion* v. *Plummer*, 1 N. R. 252.

As there is no written evidence of any bargain or offer to sell the corn to the plaintiff, evidence of a subsequent oral promise by the defendant, or acceptance by the plaintiff, was properly excluded.          *Exceptions overruled.*