EDWARD TOBIAS, Respondent, v. ANNIE E. LYNCH, Appellant.

Second Department, May 21, 1920.

Statute of Frauds — contract for sale of lands — failure of writing to disclose which of parties is vendor and which vendee — writing sufficient to support suit for specific performance — failure of writing to state date for passing title — title to be passed within reasonable time.

Although a written memorandum for the purchase and sale of lands which is in fact signed by both vendor and vendee does not, in terms, disclose which is vendor and which is vendee, there is a compliance with the Statute of Frauds which entitles the vendee to maintain a suit for specific performance.

Such memorandum would be insufficient under the statute if it did not contain the names of both parties.

Parol evidence to show which of the parties signing the agreement is vendor and which is vendee does not tend to vary or contradict the writing. And especially is this so where it is shown by stipulation of the parties in the suit for specific performance that the defendant is the vendor, as the ambiguity is thereby completely removed.

Such memorandum is not insufficient under the Statute of Frauds, because it does not state a date for the closing of title and the payment of consideration, for in the absence of a specific agreement in this respect the law provides that the contract shall be closed within a reasonable time.

Moreover, as the statute requires all the terms of the contract to be in writing, a parol agreement fixing the date of closing title and respecting the payment of the consideration not embodied in the writing is ineffective to defeat a suit for specific performance, for the parol agreement is not competent to modify the contract which remains as the law makes it — a contract to be performed within a reasonable time with a tender of the purchase price within a reasonable time.

APPEAL by the defendant, Annie E. Lynch, from a judgment of the County Court of the county of Kings in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 5th day of February, 1920, upon the decision of the court which decreed that defendant specifically perform a contract for the sale of land.

*J. Nathan Helfat,* for the appellant.

*Herman S. Bachrach* [*Simon Berg* with him on the brief], for the respondent.

BLACKMAR, J.:

The judgment might well be affirmed without comment except that so many cases are coming before us in which vendors are resisting specific performance of their contracts for the sale of land on the defense of the Statute of Frauds, that we think a consideration of the points raised in this case may not be out of place.

The contract is as follows:

"*May* 3, 1919.

"Agreement between
"Mrs. Annie E. Lynch
"and
"Edward Tobias

"For sale of house number 1142 E. 13th St., Bklyn sale price $4,250 subject to 1st of $3,000 and lease to Sam J. Heines expiring May 1st, 1920.  Deposit $50.00.

"ANNIE E. LYNCH
"EDW. TOBIAS."

The memorandum contains the names of both parties to the contract but does not disclose which is seller and which purchaser, and for this reason the appellant claims that the Statute of Frauds is not satisfied.  No doubt both names must appear.  The reason is clearly stated by Chief Justice MANSFIELD in *Champion* v. *Plummer* (1 Bos. & P. [N. R.] 252).  He said: "How can that be said to be a contract, or memorandum of a contract, which does not state who are the contracting parties?  By this note, it does not at all appear to whom the goods were sold.  It would prove a sale to any other person as well as to the plaintiffs."  In this State the rule has been pushed further, so that even if signed by an agent the principal's name must appear. (*Mentz* v. *Newwitter*, 122 N. Y. 491.) The extension of the rule, however, does not appear to hold in England. (*Newell* v. *Radford*, L. R. 3 C. P. 52.)  For an application of the rule see *Grafton* v. *Cummings* (99 U. S. 100); *Lincoln* v. *Erie Preserving Co.* (132 Mass. 129); *Nichols* v. *Johnson* (10 Conn. 192); *Calkins* v. *Falk* (1 Abb. Ct. App. Dec. 291).  *Contra, Salmon Falls Manufacturing Co.* v. *Goddard* (14 How. [U. S.] 446).  However, the decision last cited was by a divided court and the decision of the majority was questioned

and it seems to me practically overruled in *Grafton* v. *Cummings* (*supra*). The reason upon which this rule is founded is that unless the names of both parties appear, the contract may be foisted upon any one by perjury, which is the very thing that the Statute of Frauds was enacted to prevent.

But in the case at bar the memorandum names both seller and buyer and is signed by both. It is not, therefore, within the reason of the rule established in the above-cited cases. In this respect it literally complies with the statute. The memorandum is subscribed by the grantor. The suggested difficulty is that the memorandum does not on its face disclose which of the two subscribers is the grantor. The question, therefore, is not so much as to the Statute of Frauds as to the application of the maxim *Id certum est quod certum reddi potest.* No terms can be added to a contract by parol evidence, and I apprehend the same rule applies to the note or memorandum. But when it is a question of the application of the writing, the facts and circumstances within the knowledge of the parties when the writing was made may be disclosed, not to vary but to establish its meaning. Evidence of such facts and circumstances would show which of the two parties was the owner of the property, and then would be determined which is the vendor. There is one case directly in point. (*Newell* v. *Radford, supra.*) In that case there was a memorandum of the sale of flour. Both parties were named, but it did not appear which was seller and which was buyer. Parol evidence was admitted that one was a flour dealer and the other a baker. The principle has been applied to determine the location and identity of the property which is the subject of the sale. (*Miller* v. *Tuck,* 95 App. Div. 134; *Morrison* v. *Brenmohl,* 137 id. 4.) In this case it was shown by stipulation that defendant was the vendor. The ambiguity of the memorandum was, therefore, completely removed.

The appellant also claims that the memorandum is insufficient because it omits that part of the agreement which fixes a date for the closing of the title and the payment of the consideration. It is unquestionably the law of this State that in order to satisfy the requirements of the Statute of Frauds the note or memorandum must include all the terms of the contract which the parties made. (*Brauer* v. *Oceanic*

*Steam Navigation Co.,* 178 N. Y. 339; *Drake* v. *Seaman,* 97 id. 230; *Ward* v. *Hasbrouck,* 169 id. 407.) The contract is one thing and the written evidence required by the Statute of Frauds quite another. (See Real Prop. Law, § 259.) The statute is satisfied by a note or memorandum of the contract which was actually made by the parties. If any of the terms of such contract are omitted from the memorandum, the statute is not satisfied and the contract is void. The rule, therefore, has been asserted that parol evidence of the terms of an oral contract may be admitted to show that the memorandum lacks one of the terms agreed on. (*Pitts* v. *Beckett,* 13 M. & W. 743.) So it is said in Benjamin on Sales (7th Am. ed. § 209): " On the same principle, parol evidence is admissible for the purpose of showing that the written paper is *not* a note or memorandum of the antecedent parol agreement, but only of part of it, and the decisions are quite in accordance with this view."

It seems to me that this doctrine opens the door to frauds of the same character that the statute was enacted to prevent. I see no reason why the rule which prohibits parol evidence to vary a written contract should not be applied to the note or memorandum in writing. If it is complete on its face, the doctrine set forth in the foregoing extract from Benjamin on Sales would permit one of the parties to escape from his contract by testifying that it contained a provision not present in the memorandum. I cannot find that the rule has been adopted in this State. In *Davis* v. *Shields* (26 Wend. 341) this question was not considered. The case proceeded on the assumption that a clause in the antecedent parol contract was omitted from the memorandum and the memorandum was, therefore, insufficient. It does not appear that this was established by parol evidence. In *Wright* v. *Weeks* (25 N. Y. 153) it appeared on the face of the memorandum that specified terms were omitted.

However, the decision of this question is not relevant to the case at bar. The 4th paragraph of the complaint is as follows: " That the balance of the purchase price, to wit: the sum of $1,200.00 was to be paid on the closing of the title and that said title was set for closing at the option of the plaintiff herein

at any time before the 1st day of June, 1919." The decision of the court contains a finding in the same words.

If this was an allegation and finding that one of the terms of the antecedent contract fixed the time for closing and the payment of the balance of the purchase price, then the contract is void because the memorandum did not contain all its terms. As the cases above cited decide, all the terms of the contract must be found in the note or memorandum. But I am not prepared to say that such is necessarily the meaning of the allegation and finding. The memorandum did not fix the time for closing, and in the absence of such provision the law provides that the contract shall be closed within a reasonable time. It will be noted that neither the quoted paragraph of the complaint nor the finding states that this was one of the terms of the contract, although we find that explicit allegation in the 2d and 3d paragraphs. Neither does the stipulation on which the finding was founded indicate that this was one of the terms of the contract. There was no independent proof of an antecedent contract; the contract was proved by the writing only; a parol stipulation could not vary it. Under the case as presented we must assume that the paper writing was the contract. The contemporaneous stipulation was not competent to modify the contract, which remained as the law made it — a contract to be performed within a reasonable time; and the tender of the purchase price was made in a reasonable time. (*Long* v. *Millar*, L. R. 4 C. P. Div. 450; *Morrison* v. *Brenmohl, supra.*)

The judgment should be affirmed, with costs.

Present — JENKS, P. J., MILLS, RICH, PUTNAM and BLACK-MAR, JJ.

Judgment of the County Court of Kings county unanimously affirmed, with costs.