MAX SCHWARTZ and JACOB LERNER, Respondents, *v.* LOUIS VIGDEN, Appellant.

(Supreme Court, Appellate Term, First Department, May Term— Filed June, 1920.)

Statute of Frauds — what does not satisfy the requirements of — memorandum.

> A memorandum which fails to show or indicate who is the buyer and who is the seller does not satisfy the requirements of the Statute of Frauds.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiffs, after a trial by a judge without a jury.

Julius Riedler, for appellant.

Max Silverstein, for respondents.

BIJUR, J.   Plaintiff sues for damages arising out of the failure of defendant to deliver certain furs alleged to have been sold by him to the plaintiffs.

Defendant, among other things, introduced the defense of the Statute of Frauds.   The alleged agreement:

" Telephone Madison Square 4253
                                    "NEW YORK *Aug. 4th,* 1919.
" M. SCHWARTZ & LERNER
    " West 29th Street, City:
                            " LOUIS VIGDEN
                        " Importer and Exporter of  ·   1316
                            " FURS AND SKINS
" Terms, Net cash                    49 West 29th Street.
" 2103 Raw Damages and Shot rats at 75¢ .   $1577.25
                    " To be delivered from
                    " Funsten Bros. St. Louis
                                " Mo."

(The name of the defendant apparently being printed on one of his regular billheads.)

I do not think that this memorandum satisfies the requirements of the Statute of Frauds, in particular because it fails to show or to indicate who is the buyer and who is the seller. Both parties were dealers in furs, occupying, indeed, adjacent premises. It is quite as consistent with the memorandum and the situation of the parties that the defendant was the buyer and plaintiffs the seller as is the converse hypothesis. Although a more liberal rule may possibly be applied toward allowing parol evidence to identify the subject matter of the transaction (See *Marks* v. *Cowdin,* 226 N. Y. 138) a contract of purchase and sale must certainly specify who is the buyer and who the seller. *Calkins* v. *Falk,* 1 Abb. Ct. App. Dec. 291; *Drake* v. *Seaman,* 97 N. Y. 230; *First Baptist Church* v. *Bigelow,* 16 Wend. 28.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

MULLAN and WAGNER, JJ., concur.

Judgment reversed, with thirty dollars costs.