## Ottenberg v. William H. Bailey Cigar Company.

*Statute of frauds—Memorandum in writing—Parties and prices to be disclosed—Sales Act of May 19, 1915.*

1. Under section 4 of the Sales Act of May 19, 1915, P. L. 543, which provides that a contract to sell or a sale of any goods or choses in action of the value of $500 or upwards shall not be enforceable by action . . . unless some note or memorandum in writing of the contract or sale is signed by the party to be charged, etc., a memorandum is insufficient which does not disclose the seller either by name or description, although signed by the buyer, the party to be charged, since, unless the names of both parties appear, the contract may be foisted upon any one by perjury, which is the very thing the statute was enacted to prevent.

2. Subsequent papers are inadmissible to supplement an incomplete memorandum unless they are signed by the party to be charged or referred to in the incomplete memorandum signed by him; hence, in the case at bar, the omission of the name of the seller in the original memorandum could not be supplemented by letters written by him to the buyer confirming the alleged contract.

3. A memorandum which does not necessarily show the prices is insufficient.

Statutory demurrer. Municipal Court, Phila. Co., June T., 1921, No. 740.

*David L. German, Jr.,* for plaintiff; *Isaac Hassler,* for defendants.

LEWIS, J., June 28, 1922.—This is an action brought by Henry Ottenberg against William H. Bailey and Julius Eisenbrand, copartners, trading as William H. Bailey Cigar Company, to recover damages alleged to have been suffered by the plaintiff by reason of the alleged refusal of the defendants to receive and take a certain quantity of cigars alleged to have been purchased by the defendants from the plaintiff.

The plaintiff in his statement of claim, *inter alia,* avers that on May 13, 1921, the defendants orally offered to purchase from the plaintiff certain quantities of various grades of cigars therein mentioned, at various prices for the several grades, for the total sum of $2975, and that the plaintiff "orally accepted the defendants' offer as aforesaid on May 13, 1921, and requested the defendants to furnish him with a written memorandum of the transaction."

1 D. & C.

That the defendants thereafter delivered to the plaintiff the following writing:

"Keystone, Main 66–95. Bell, Market 43–09.

WM. H. BAILEY CIGAR CO.,
Importers of
Manila and Porto Rico Cigars,
N. W. Cor. Second and Arch Sts.

Philadelphia, 5–31, 1921.

Please ship

5000 Atavio Sumatra Gold medal 1–40, 40.00 per M.
10000 McKinley Conquerors 1–20, 35.00 per M.
25000 " Cazadores 1–20, 35.00 "
10000 " Aroma 1–20, 30. "
20000 " Londres 1–10, 25. "
30000 " Lond Chico 1–20, 25. "

Terms, 60 days' note. F. O. B. Phila.

WM. H. BAILEY CIGAR CO."

That on May 20, 1921, plaintiff confirmed the aforesaid oral agreement by letter to the defendants, a copy of which was set forth in the plaintiff's statement of claim.

That subsequently, in June, 1921, plaintiff tendered to the defendants the merchandise which the plaintiff alleges the defendants purchased, and that the defendants refused to accept the cigars, and that the plaintiff resold the cigars and sustained an alleged loss of $455.

The defendants, in pursuance to section 20 of the Practice Act of May 14, 1915, P. L. 483, filed an affidavit of defence raising questions of law, stating, inter alia, that the note or memorandum in writing of the bargain relied upon by the plaintiff as the foundation of a right to recover damages for failure to accept the property did not disclose every fact material to constitute a contract of bargain and sale, in pursuance to the provisions of section 4 of the Sales Act of May 19, 1915, P. L. 543, and, therefore, judgment should be entered for the defendants.

Section 4 of the Sales Act of May 19, 1915, P. L. 543, provides: "A contract to sell, or a sale of any goods or choses in action of the value of $500 or upwards, shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf."

The law is well settled that the memorandum to establish a sale under the statute of frauds must be complete in every essential particular.

In Franklin Sugar Refinery v. Huntingdon (Advance Notes, page iv, May 19, 1922), the Supreme Court held: "In a suit to recover for the breach of a contract for the sale of goods in excess of $500 in value, the statement of claim must set forth the facts showing a compliance with the requirements of the 4th section of the Sales Act of 1915. Every essential element must appear in the written memorandum, and a memorandum which does not necessarily show the price is insufficient."

"Ordinarily it is indispensable that the memorandum should show not only who is the person to be charged, but also who is the party in whose favor he is charged. The name of the party to be charged is required by the statute to be signed, so that there can be no question of the necessity of his name in

the writing. But the authorities have equally established that the name, or a sufficient description, of the other party is indispensable, because, without it, no contract is shown. A memorandum of an auction sale has frequently been held fatally defective for failure to designate both the vendor and vendee. So a bill of merchandise stating items and prices, merely drawn on the letterhead of the buyer, without stating the name of the seller, has been held insufficient as a memorandum of the sale. In case of sales, the memorandum should properly show which party was the buyer and which the seller:" 25 Ruling Case Law, § 288, page 655. See cases cited in note 5.

"In order to satisfy the statute, it is necessary that the memorandum should show who are the parties to the contract, and parol evidence is not admissible to supply a deficiency in this respect:" 27 Corpus Juris, § 473, page 383.

"The memorandum must state who are the parties to the contract, either by naming them or by so designating or describing them that they may be recognized or identified without fair or reasonable doubt or dispute. It must contain the names or sufficient description of both parties to the contract, not only the person to be charged, but also the person in whose favor he is to be charged. An agreement for a lease should show both the lessor and the lessee; and a memorandum of a contract for sale must show who is the buyer and who is the seller. An auctioneer's memorandum must show who is the vendor as well as the purchaser; a broker's memorandum must show the names of both parties, and a sheriff's memorandum must, among other things, show the purchaser:" 27 Corpus Juris, § 329, page 275.

In the case at bar the memorandum does not contain the names of both parties to the contract, and does not disclose who is the seller. No doubt both names must appear. The reason is clearly stated by Chief Justice Mansfield in Champion v. Plummer, 1 Bos. & P. (N. R.) 252: "How can that be said to be a contract or memorandum of a contract which does not state who are the contracting parties? By this note it does not at all appear to whom the goods were sold. It would prove a sale to another person as well as to the plaintiffs."

Blackman, J., in Tobias v. Lynch, 182 N. Y. Supp. 643, 644 (1920), says: "The reason upon which this rule is founded is that, unless the names of both parties appear, the contract may be foisted upon any one by perjury, which is the very thing that the statute of frauds was enacted to prevent."

In Di Santis v. Cannata, 105 Atl. Repr. (R. I.) 561 (1919), Parkhurst, C. J., said:

"With regard to the so-called 'promise' or 'agreement' or 'note' or 'memorandum' above set forth, and upon which by their declaration the plaintiffs seek to maintain this suit, aside from numerous informalities apparent upon its face, the principal defect to be noted is that it is not signed by the plaintiffs; they are not mentioned in it either by name or by any description by which they may be identified, and it refers to no other writing by which they may be ascertained.

"It has been settled by numerous authorities that such a memorandum is not sufficient under the statute of frauds. Thus, in Benjamin on Sales (5th ed.), 248, it is said: 'The cases will now be considered with reference to the inquiry whether and to what extent it is necessary that the writer should show (1) the names of the parties to the sale; (2) the terms and subject-matter of the contract. On the first point, it is settled to be indispensable that the written memorandum should show not only who is the person to be charged, but also who is the party in whose favor he is charged. The name

1 D. & C.

of the party to be charged is required to be signed, so that there can be no question of the necessity of his name in the writing. But the authorities have equally established that the name or a sufficient description of the other party is indispensable, because, without it, no contract is shown, inasmuch as a stipulation or promise by A does not bind him, save to the person to whom the promise was made.'

"And numerous cases are cited to support the text. See, also, 29 Am. & Eng. Ency. of Law, 848. In Lewis v. Wood, 153 Mass. 321, 26 N. E. Repr. 862, 11 L. R. A. 143, the memorandum of sale was as follows:

"'E. Weymouth, Mar. 24, 1890.

"'Dear Sir: My sister and I have decided to accept the offer of $1450 for our interest in the Cambridge property now under discussion. I think, however, I would better see you this evening or next, between six and seven, if convenient.                                              Resp.,   E. C. HAWKES.'

"The court held: 'Without considering all the objections that have been urged against the memorandum, it is sufficient to say that it is fatally defective in not containing the name of the purchaser, or any designation of him whatever. In order to satisfy the statute, the memorandum should not only have been signed by the defendant or her authorized agent, and have identified the property to be sold, but should also have contained the name of the other party to the contract, or should have described him with reasonable certainty. This was not done, and the memorandum is, therefore, insufficient,' citing numerous cases. See, also, Grafton v. Cummings, 99 U. S. 100, 25 Law Ed., 366; Peoria Grape Sugar Co. v. Babcock Co. (C. C.), 67 Fed. Repr. 892; McGovern v. Hern, 153 Mass. 308, 26 N. E. Repr. 861, 10 L. R. A. 815, 25 Am. St. Reps. 632; Lincoln v. Erie Preserving Co., 132 Mass. 129; Nichols v. Johnson, 10 Conn. 192; Sherburne v. Shaw, 1 N. H. 157, 8 Am. Dec. 47; Browne, Stat. of Frauds (4th ed.), 372."

In Grafton v. Cummings, 99 U. S. 100, 25 Law Ed., 366 (1879), it was held: "The memorandum in writing, necessary to make a valid contract within the meaning of the statute of frauds, though signed by the defendant and describing with sufficient distinctness the property sold and the consideration to be paid, is not sufficient to sustain an action, unless the other party to the agreement is either named in the memorandum or so designated in some paper signed by the defendant that he could be identified without parol proof."

Mr. Justice Miller said: "The statute not only requires that the agreement on which the action is brought, or some memorandum thereof, shall be signed by the party to be charged, but that the agreement or memorandum shall be in writing. In an agreement of sale there can be no contract without both a vendor and a vendee. There can be no purchase without a seller. There must be a sufficient description of the thing sold and of the price to be paid for it. It is, therefore, an essential element of a contract in writing that it shall contain within itself a description of the thing sold, by which it can be known or identified, of the price to be paid for it, of the party who sells it and the party who buys it. . . . The name of the vendor, or some designation of him which could be recognized without parol proof extraneous to the instrument, was an essential part of that instrument to its validity."

The plaintiff, however, contends that the omission from the memorandum which was signed by the defendants, i. e., the party to be charged, can be supplied by letters which he, the plaintiff, wrote to the defendants confirming the alleged contract.

"In order that two or more writings sufficiently connected may be construed together and held to satisfy the statute, it is not essential that each of the

writings be signed, yet where *only one* of several papers *is signed by the party to be charged, such,* and *only such,* of the others *as are referred to in it may be considered as a part of the memorandum.* A paper signed by the party to be charged *cannot be incorporated in a paper not signed by him by a reference in the latter.* The signed paper must refer to the unsigned paper in clear and distinct terms, but it need not refer to it *eo nomine:*" 27 Corpus Juris, § 310, page 262.

It will thus be seen that any subsequent papers which are offered to supplement an incomplete memorandum must either be signed by the party to be charged or must be referred to in the incomplete memorandum signed by the party to be charged.

In Peoria Grape Sugar Co. *v.* Babcock Co., 67 Fed. Repr. (C. C.) 892 (1895), the name of the parties to the contract was absent from the alleged memorandum, and the other party sought to supplement the defective memorandum by subsequent letters, which letters were sent by the plaintiff to the defendant. District Judge Baker, after reviewing a number of apparent authorities, stated: "The note or memorandum counted on in each paragraph of the counter-claim is insufficient to sustain an action for its breach. It does not disclose the name of the purchaser, and there is nothing in either of the letters copied in the statement which can aid its insufficiency."

The plaintiff in his argument cited a number of cases, none of which we consider are properly applicable to the question directly involved. An examination of each of them shows that the rule as laid down by the cases herein referred to has not been changed in any important particular.

The note or memorandum in writing of the bargain relied upon as the foundation of the plaintiff's right to recover damages from the defendants does not disclose every fact material to constitute a contract of bargain and sale, and the statement of claim is, therefore, declared to be insufficient, and judgment is now entered for the defendant.