FRED AYERS, Respondent, *v.* THE PALATINE INSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, Appellant.

Insurance (fire) — contracts — evidence — insurance policy covering building and addition thereto and providing that only eighty per cent of loss caused by fire shall be paid — clear and unambiguous terms of policy cannot be explained by parol evidence — how damage done to such building must be apportioned under eighty per cent provision.

Where a fire insurance policy, covering brick and frame buildings and addition thereto occupied as a repair shop and public garage, provided that the insurer should not be liable for a greater proportion of any loss or damage to the property described than the sum of eighty per cent of the cash value of the property at the time of the loss, and thereafter the brick and frame building was damaged by fire but the addition, built of concrete, was uninjured, a finding in effect that the eighty per cent of the loss should be based upon the amount of the damage to the brick and frame building alone is erroneous. Under the terms of the policy which are clear and

unambiguous, evidence showing an intention at variance with that expressed was inadmissible; the policy covered both buildings, the brick and frame building and the concrete addition thereto, and the loss should be apportioned upon that basis.

Ayers v. *Palatine Insurance Co.*, 199 App. Div. 957, modified.

(Argued December 4, 1922; decided December 12, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 7, 1921, affirming a judgment in favor of plaintiff entered upon a verdict.

*James M. H. Wallace* for appellant. The building on the premises insured and its additions is the only structure on the premises in question and the term " additions " could apply to no other buildings for there were none. (*Maisel* v. *Fire Association of Philadelphia*, 59 App. Div. 461.) The question of the construction of the policy was a question of law and the court erred in submitting the question of its construction and the intention of the parties to the jury, instead of directing a verdict, as requested by the defendant. (*Gertner* v. *Glens Falls Ins. Co.*, 193 App. Div. 836; *Newport Improvement Co.* v. *Home Ins. Co.*, 163 N. Y. 237; *Mack* v. *Rochester German Ins. Co.*, 106 N. Y. 560; *Arlington Mfg. Co.* v. *Norwich Union Fire Ins. Co.*, 107 Fed. Rep. 662.)

*Henry Adsit Bull* for respondent. The jury correctly found that the parties did not intend the concrete shed to be covered by the policy under which plaintiff has recovered. Appellant cannot succeed in the contention that the concrete shed should be held, as a matter of law, to be an addition to the original building; and, therefore, as a matter of law, covered by the policy under which plaintiff has recovered. (33 L. R. A. [N. S.] 156; *Hirsh* v. *Jones*, 191 N. Y. 195; *Rickerson* v. *Hartford F. Ins. Co.*, 149 N. Y. 307; *Alterman* v. *Home Ins. Co.*, 195 App. Div. 151.)

ANDREWS, J. At 358–360 Elk street, Buffalo, the plaintiff occupied as a public garage and repair shop a brick and frame building of one floor, thirty-three feet wide and fifty-five feet deep. Some time in the summer of 1919 he built in the rear of it what he himself calls a concrete addition, one story high. This was the same width as the original building and eighty-five feet deep. The side walls were a continuation of the side walls of the front building. The front wall was its rear wall. The floor was of cinders. Opening into the original building was a wide doorway. The addition was used for the storage of automobiles when not in use run into it from the front which was its only entrance.

This being the situation on January 22d, 1920, the plaintiff obtained from the defendant a policy of insurance in the sum of $2,000 " on brick and frame buildings and additions thereto occupied as a repair shop and public garage and situate Nos. 358, 360 Elk St., Buffalo, N. Y." The policy contained a provision that the insurer should not be liable for a greater proportion of any loss or damage to the property described therein than the sum of eighty per cent of the cash value of said property at the time of such loss shall happen. Subsequently a fire occurred. The value of the addition was then found by the appraisers to be $4,000 and the value of the brick and wood structure $2,800. The appraisers also found that the damage caused by the fire was $1,845.75, the whole loss having occurred in the original building. Under these circumstances the question before us is as to the property covered by the policy issued. Is the property described therein both buildings or only one? The amount of the plaintiff's recovery depends upon the answer. The jury was permitted " to say what the fair intentions of the parties were as to what was covered " by the policy. They found a verdict for the plaintiff for $1,735.12. The judgment entered upon the verdict has been affirmed.

As a basis for this finding various circumstances were alleged. The policy in question was a renewal of a former policy which, concededly, covered simply the original building. The renewal was issued without any further negotiations or statements. It was a fair amount of insurance on the original building considering its value. The fire risk on the addition was slight. The concrete structure was so much larger than the original building and so much more valuable that it could not be considered an addition.

Evidence as to the circumstances surrounding the execution of a contract may be given, where its terms are ambiguous. To discover the meaning of the parties we may place ourselves, as far as possible, in their situation when they executed the instrument. Where, however, the writing is complete in itself, where it is clear and unambiguous, where there is no substantial dispute as to the application of the terms of the contract to its subject, then there is nothing upon which the jury should be asked to give a decision. In such a situation the court is to interpret the writing. " We are restricted, therefore, to the interpretation of the language used, and proof of intention is only admissible when, in cases of ambiguity, proof of intention enables us to discover what the language means." (Wharton on Evidence, sec. 937, 946; *Trustees of Southampton* v. *Jessup*, 173 N. Y. 84; *House* v. *Walch*, 144 N. Y. 418; *Lossing* v. *Cushman*, 195 N. Y. 386.)

Here there was no dispute as to the facts. There was a brick and wood building. Attached to it was a concrete addition. Both were used as " a repair shop and public garage." The language of the policy was clear. It covered both. (*Gertner* v. *Glens Falls Ins. Co.*, 233 N. Y. 568; *Maisel* v. *Fire Assn. of Phila.*, 59 App. Div. 461.) No evidence showing an intention at variance with that expressed was admissible. No question of fact was presented.

22

At the close of the case the defendant moved for a direction of a verdict against it for $714.56. This is the whole amount which the plaintiff is entitled to receive under the eighty per cent clause quoted. That motion should, therefore, have been granted.

The judgment of the Appellate Division and of the Trial Term should be modified by reducing the judgment in favor of the plaintiff to $714.56, and interest thereon from April 20, 1921, and as so modified affirmed, with costs to the appellant in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGH-LIN and CRANE, JJ., concur.

Judgment accordingly.