DAVID H. BISGEIER and Another, Plaintiffs, *v.* JAMES E. KELLER, Defendant.

Supreme Court, Erie County, March, 1924.

Vendor and purchaser — action for specific performance of alleged contract to convey — defense of Statute of Frauds — no papers signed by plaintiffs — receipt signed by defendant for payment on purchase price, unsigned contracts, and letter by defendant returning cash payment and demanding contracts, etc., did not constitute memorandum under Statute of Frauds — receipt for cash payment was not sufficient memorandum — memorandum must be signed underneath or at end thereof.

In an action for the specific performance of an alleged contract to convey real estate the complaint should be dismissed, where it appears that no paper was signed by the plaintiffs, and that a receipt signed by the defendant for payment on the purchase price which was stated to be " as per terms agreed," and duplicate unsigned contracts, all in defendant's handwriting, and a letter signed by the defendant returning the cash payment and demanding the unsigned contracts and other papers, do not constitute a sufficient memorandum within the meaning of the Statute of Frauds.

The receipt for the cash payment does not in and of itself constitute a sufficient memorandum, since the words " as per terms agreed " show that there were terms orally agreed upon that were not contained in the receipt.

A memorandum in writing required by the Statute of Frauds in order to bind the party to be charged therewith must be subscribed by such party underneath or at the end of such memorandum.

ACTION for specific performance of contract to convey real estate.

*Emil Rubenstein* and *Frank F. Williams,* for plaintiffs.

*Clarence G. Erb,* for defendant.

BROWN, J.   August 27, 1923, defendant executed and delivered to the plaintiffs a certain writing, as follows:

"BUFFALO, N. Y., *Aug.* 27, 1923.

" Received of David H. Bisgier and Harry Bisgier One Hundred Dollars to apply on purchase price of three lake shore lots, same as purchased from Wells estate.   Price to be $16,800 as per terms agreed.

"J. E. KELLER."

On August 28, 1923, defendant delivered to plaintiffs two duplicate unsigned contracts, all in defendant's handwriting, containing, in all details, provisions constituting a complete contract to sell and convey on the part of the defendant and to purchase and pay for the same on the part of the plaintiffs, the terms therein stated being the same that had orally been agreed to by the parties on the 27th day of August, 1923, and were the terms referred to in

45

the foregoing paper signed by the defendant by the words " as per terms agreed." Accompanying the defendant's papers were the defendant's deed from his grantor and a blue print showing the lots in question. On September 4, 1923, the defendant wrote a letter to the plaintiffs, as follows:

> " 726 Auburn Avenue, BUFFALO, New York,
> " *Sept.* 4, 1923.
>
> " DAVID H. and HARRY BISGIER:
>
> " GENTLEMEN.— Not having heard from you since I left the contracts for the Lake Shore property one week ago to-day, I assume you do not care to close the deal. I am herewith returning your check for $100 and would ask you to kindly mail to me the unsigned contracts, the old deed and the survey, as I consider the negotiation closed.
>
> " Yours very truly,
> " JAMES E. KELLER."

Upon defendant's refusal to convey, this action was commenced for a specific performance, plaintiff contending that the receipt, the unsigned contracts and defendant's letter together constitute a memorandum of a contract subscribed by the defendant for the sale and conveyance of the lots in question. Defendant pleads, denying the making of any contract, alleges that there was no contract, and pleads the Statute of Frauds. Real Prop. Law, § 259.

There was no paper signed by the plaintiffs agreeing to purchase and pay for the real estate. In *Levin* v. *Dietz*, 194 N. Y. 376, it was held that the mere physical acceptance and attempted enforcement by one party of a contract to sell real estate unilateral in form, executed by another, does not make the former a party to and bound by the contract. Specific performance of a unilateral contract will not be adjudged against a party who has executed it, on behalf of the opposite party who is not in any manner bound by the contract. Specific performance of a contract will be denied in the absence of mutuality of obligation and remedy in both parties to the contract.

The receipt of August 27, 1923, executed by the defendant clearly shows that it does not contain the essentials of the oral contract. The words " as per terms agreed " demonstrate that there were terms orally agreed upon that are not contained in the receipt. This is fatal to the contention that the receipt in and of itself is a sufficient memorandum to satisfy the Statute of Frauds. *Wright* v. *Weeks*, 25 N. Y. 153; *Mentz* v. *Newwitter*, 122 id. 491; *Poel* v. *Brunswick*, 216 id. 310; *Cooley* v. *Lobdell*, 153 id. 596.

The unsigned duplicate contracts were not subscribed by the

defendant.   His signature, in the naming of himself as the party of the first part, is not a subscribing of the contract required by the statute.   A memorandum in writing required by the Statute of Frauds, in order to bind the party to be charged therewith, must be subscribed by such party underneath or at the end of such memorandum.   *James* v. *Patten*, 6 N. Y. 9.

The receipt, unsigned contracts, deed, blue print and letter of September 4, 1923, cannot be articulated without oral proof.

The plaintiffs' complaint must be dismissed, with costs.

Judgment accordingly.