MAX SCHWARTZ and Another, Appellants, *v.* LOUIS VIGDEN, Respondent.

First Department, October 31, 1924.

**Sales — action by buyer for breach of contract — Statute of Frauds — memorandum containing names of both parties is sufficient under Personal Property Law, § 85, though it does not designate which is buyer and which is seller.**

A memorandum of the sale of goods is sufficient under the Statute of Frauds (Pers. Prop. Law, § 85) which contains the names of both parties, though it does not designate which is the buyer and which is the seller.

APPEAL by the plaintiffs, Max Schwartz and another, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 24th day of June, 1920, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of the plaintiffs.

*Max Silverstein,* for the appellants.

*Julius Riedler,* for the respondent.

MARTIN, J.:

This action was commenced in the Municipal Court, Ninth District, Manhattan, to recover damages for breach of contract to sell and deliver merchandise to the plaintiffs. The case was tried without a jury and judgment rendered for plaintiffs for the sum of $946.35. Defendant appealed to the Appellate Term, which court reversed the judgment and dismissed the complaint. (112 Misc. Rep. 451.)

Only a question of law is involved and it relates to the defense based upon the Statute of Frauds. The Appellate Term held that the memorandum of sale does not satisfy the requirements of that statute, because it does not disclose which of the parties was the buyer and which was the seller; and that it was error to admit parol evidence to identify the parties named in the memorandum respectively as being the buyer and the seller.

The testimony offered leaves no doubt about the sale or the parties. If properly admitted, the judgment of the Municipal Court should not have been disturbed.

The learned Appellate Term seems to have been governed principally by the case of *Calkins* v. *Falk* (1 Abb. Ct. App. Dec. 291). In that case the memorandum did not state the names of both parties. On its face it was so defective as to render it ineffective as a memorandum intended to satisfy the requirements of the statute. (2 R. S. 136, § 3.) As stated by JAMES, J., writing for the court (at p. 293): " It did not show to whom the hops were sold * * *. It was simply a memorandum that defendant had sold hops, for which he agreed to pay himself." This has reference to the fact that the memorandum was signed by one Abram Falk as seller, whereas in the body of the writing Abram Falk was also indicated as the person who was to pay for the merchandise.

At the General Term Mr. Justice MILLER rendered an opinion in *Calkins* v. *Falk* (39 Barb. 620, 623), in which the following appears: " It is quite obvious that they utterly fail to establish any legal contract; and whether read separately or together they are equally incongruous, indefinite and absurd."

The memorandum now under consideration is not subject to any such criticism. If the memorandum we are considering is defective, its sole deficiency is that it fails to state which of the parties named in it is the seller and which is the buyer.

In *Tobias* v. *Lynch* (192 App. Div. 54; affd., 233 N. Y. 515) a memorandum relating to the sale of real estate was held to be a sufficient compliance with section 259 of the Real Property Law, although it did not state which of the parties named in it was the vendor and which the purchaser. This decision has received the approval of the Court of Appeals as evidenced by the affirmance of the judgment.

We think that the same rule should apply to the Personal Property Law (§ 85, as added by Laws of 1911, chap. 571).

In this case the memorandum was not subscribed, but the names of both parties appear therein. In this respect the case is similar to that of *Cohen* v. *Wolgel* (107 Misc. Rep. 505; affd., 191 App. Div. 883).

The determination of the Appellate Term should be reversed, with costs to the appellants in this court and in the Appellate Term, and the judgment of the Municipal Court reinstated.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Determination reversed, with costs in this court and in the Appellate Term, and judgment of the Municipal Court reinstated.