JOSEPH MILLS and Another, Respondents, v. LAZARE C. GIOMETTI, Appellant.

*Vendor and purchaser — Statute of Frauds — receipt embodied terms of sale — original power given brokers not sufficient to authorize brokers to sign contract — subsequent ratification made contract binding within Statute of Frauds — ratification of agency not connected with original contract of employment of broker — parole evidence rule not violated.*

Appeal from a judgment of the County Court of Steuben county in favor of the plaintiffs, entered in the Steuben county clerk's office on March 27, 1924, and also from an order entered on March 8, 1924.

PER CURIAM. The receipt dated August 1, 1922, sufficiently embodied the terms of the contract of sale. (*Pelletreau* v. *Brennan*, 113 App. Div. 806; *Waring* v. *Ayres*, 40 N. Y. 357; *Tobias* v. *Lynch*, 192 App. Div. 54.) The original power given by the defendant to his broker as set forth in the writing dated October, 1921, was insufficient to authorize the broker to sign a contract of sale binding upon the defendant. (*Stone* v. *U. S. Title Guaranty & Indemnity Co.*, 159 App. Div. 679; affd., 217 N. Y. 656; *Rowland* v. *Hall*, 121 App. Div. 459.) The act of the broker in signing the contract was, however, ratified by the defendant when the matter was brought to his attention. This was sufficient under the Statute of Frauds.* (*Newton* v. *Bronson*, 13 N. Y. 587.) We look upon the agency thus ratified as entirely dissociated from the defendant's employment of the broker. The employment contract dated October, 1921, was, therefore, not modified or affected and the rule against a parole modification of a contract under seal (*Cammack* v. *Slattery & Bro., Inc.*, 241 N. Y. 39; *National Cash Register Co.* v. *Remington Arms Co., Inc.*, 242 id. 99) was not infringed. All concur. Present —Clark, Davis, Sears, Crouch and Taylor, JJ. Judgment and order affirmed, with costs.