LUCKY STRIKE COAT CO., INC., Plaintiff, *v.* JULIUS FORSTMANN CORPORATION, Defendant.

City Court of New York, New York County, April 16, 1934.

*Weil, Gotshal & Manges*, for the motion.

*Copans, Goldstein & Kanons*, opposed.

SCHIMMEL, J. The sole question here presented is whether a certain memorandum as executed is a sufficient compliance with the requirements of subdivision 1 of section 85 of the Personal Property Law. The memorandum was drawn on an order blank of the plaintiff corporation, which was the alleged purchaser; but it was a printed form devised for the use of plaintiff, not in pur-

chasing merchandise, but in selling to its customers. The explanation given for its use here is that at the time it was necessary to write the order, the representative of the defendant, the seller corporation, had no blanks of his own company at hand.

The form itself is obviously designed for use in connection with the sale of merchandise by the plaintiff; directly underneath the heading consisting of plaintiff's corporate name and address, both in large print, we find the printed words " Sold To," followed by a blank line, and the printed word " Address," followed by a similar line. Then come other blank spaces, intended for the insertion of the subject-matter of the sale and the necessary terms, with appropriate printing so indicating. In the space following the printed words " Sold To " there is written the name of the alleged *seller*, " Julius Forstmann Corp.," and on the line following the printed word " Address " there appears the address of that corporation, " 200 Madison Avenue;" both the name and address, like the rest of the blank, are concededly filled out in the handwriting of the defendant's representative.

Is the name of the seller, thus written in the space provided for the name of the purchaser, following the printed " Sold To," to be considered the seller's signature? There is no reason to assume from an examination of the memorandum itself that the seller's name was there inserted in this manner for the purpose of serving as its signature; such an assumption is necessarily based on speculation. It is an essential requirement of the Statute of Frauds that there be found a signature which unequivocally establishes the intent of the party sought to be charged therewith to adopt the memorandum by setting his hand thereto. " A signature, however, there must be, and a name, written or printed, is not to be reckoned as a signature unless inserted or adopted with an intent, actual or apparent, to authenticate the writing. (1 Williston Sales, § 112; Anson Cont. [Corbin's ed.] p. 106; Benjamin Sales [6th ed.], p. 308; Browne Statute of Frauds, § 357.) Whether such an intent is to be inferred will be at times a question of law and at others one of fact, according to the circumstances. * * * The defendant must have intended not merely to contract, but to sign." (*Mesibov, Glinert & Levy, Inc.*, v. *Cohen Brothers Mfg. Co., Inc.*, 245 N. Y. 305, at p. 310 and pp. 311, 312.) The purpose of the statute would be defeated if the court were to admit extrinsic evidence in order to determine whether the defendant intended to sign, when no man can tell from an inspection of the paper itself.

In the instant case, if parol evidence were to be admitted it would necessarily contradict the writing which shows plaintiff to be the seller and defendant the purchaser. In this respect this case

resembles *Calkins* v. *Falk* (41 N. Y. 619, affg. 39 Barb. 620) more closely than it resembles the case of *Schwartz* v. *Vigden* (210 App. Div. 714). In the former case the memorandum failed to state the names of both parties to the contract; but it named the defendant as seller and also recited that he was to pay the purchase price. In view of this apparent contradiction the instrument was held meaningless. In *Schwartz* v. *Vigden* (*supra*) the memorandum, although reciting the names of both parties to the contract, failed to state which was buyer and which was seller. There parol evidence was held admissible to explain the relationship of the parties to the subject-matter of the sale.

In the case at bar the memorandum is insufficient to charge defendant as seller, *first*, because nothing appears thereon which may be taken to be the signature of the seller, made by it with intent to be bound by the instrument, and *second*, because nothing therein identifies the defendant as seller; to the contrary, the defendant is named as purchaser and parol evidence establishing that it is the seller would be in direct contradiction of the writing.

Defendant's motion for summary judgment dismissing the complaint on the merits is granted.