Pyramid Musical Corporation, Plaintiff, *v.* Floral Park Bank, Defendant.

County Court, Nassau County, March 5, 1943.

*Morris Permut* for defendant.

*S. C. & S. H. Levine* for plaintiff.

Collins, J. The complaint alleges that the plaintiff, a depositor in the defendant bank maintaining a checking account in that bank, issued a check on the bank, dated November 1, 1940, to the order of A. Rappaport in the sum of $1,250.00, which was delivered to the named payee; that on the same day the plaintiff,

in writing, ordered the defendant to stop payment on the check and also enjoined upon the defendant orally the necessity of stopping such payment; but that the defendant, in violation of the directions contained in the written stop order, nevertheless paid the check on November 2, 1940, and that, furthermore, in so doing, it failed to exercise reasonable care and paid the same negligently, willfully and carelessly.

The defendant bank interposed an answer denying the material allegations of the complaint and setting up a counterclaim for overdraft against the plaintiff in the sum of $152.64. Upon the pleadings and affidavits, the defendant now moves for summary judgment dismissing the complaint and for judgment in its favor upon the counterclaim.

In support of its motion, it relies upon the following provision in the written stop order: "In the event that the Bank pays this check through inadvertency or oversight, it is expressly understood that it will in no way be held responsible," and upon the decision of the Court of Appeals in the case of *Gaita* v. *Windsor Bank* (251 N. Y. 152), where it was held that payment by the bank, in the face of a clear and unambiguous stop order containing the clause above quoted, did not impose liability upon the bank if the payment was in fact made through inadvertence or oversight and that, in order to establish such liability, it would be incumbent upon the plaintiff to prove that the bank made the payment in " willful disregard " of the notice. In that case, it should be noted, judgment in plaintiff's favor was reversed, but the complaint was not dismissed. On the contrary, the matter was sent back for a new trial, apparently upon the theory that the plaintiff might, upon retrial, be able to adduce evidence of " willful disregard " of the stop order by the defendant bank. In that case, furthermore, there was no question raised of uncertainty or ambiguity in the stop order or of oral transactions in connection with that stop order between the plaintiff and the bank.

The defendant bank in the case at bar asserts that it is entitled to summary judgment because its disregard of the stop order was, at the most, through inadvertence or an oversight, and that there is no evidence to show willful disregard by it of the stop order. In support of its contention, it points to the fact that the stop order refers to a check dated " Oct. 31 " when, in fact, the check was dated " Nov. 1," that the amount of the check was shown both as $1,250 and as $12.50, and that, although the notice refers to a check made to the order of " A. Rapaport," the name of the payee on the face of the check was spelled " Rapparot."

An examination of the stop order does not indicate, to my mind, that there was set forth thereon a difference as to the amount of the check as between $1,250 and $12.50. There was, of course, a slight difference in the name of payee and the date. There was, however, written upon the face of the stop order the following words, apparently in the handwriting of the plaintiff: "Please watch name."

The plaintiff has submitted, in addition to its complaint, an affidavit in which it sets forth conversations had with the bank's manager in connection with the stop order from which it may be inferred that the bank was thus informed, the more certainly, of the particular check with respect to which it was required to stop payment. I cannot agree with the defendant's contention that such proof would constitute a violation of the parol-evidence rule. It would not, in my opinion, constitute oral proof of conversations in connection with the execution of the written stop order for the purpose either of varying, modifying, reducing or extending its terms. (*Imperator Realty Co.* v. *Tull,* 228 N. Y. 447; *Harding* v. *O'Malley,* 226 App. Div. 586; *United States Printing & Lithograph Co.* v. *Powers,* 233 N. Y. 143; *Ayers* v. *Palatine Ins. Co.,* 234 N. Y. 334; *Tobias* v. *Lynch,* 192 App. Div. 54, affd. 233 N. Y. 515.) None of the evidence upon which the plaintiff relies would tend, in any way, to contradict the writing or to vary, modify, reduce or extend its terms. On the contrary, it is directed to the clearing up of possible ambiguity or uncertainty and for the purpose of enabling the court to reach the true interpretation and meaning of the writing because of the slight variance in date, payee, and amount of the check referred to in the stop order; and, consequently, to supplement the writing only to the extent of making definite and clear its meaning and identifying the person and the subject-matter therein referred to.

I think, therefore, that the pleadings and affidavits here submitted raise an issue of fact which must be tried and determined by a jury. The assertion of the defendant, on the one hand, is that it paid the check through inadvertence or an oversight and, therefore, is not liable. The plaintiff contends, on the contrary, that the defendant bank was willfully negligent and reckless in its payment of the check following the written stop order and the oral directions given it by the plaintiff. The court, therefore, cannot hold, as a matter of law, at this time, that the payment was made by the bank through an inadvertence or oversight.

The motion for summary judgment is, therefore, denied.