CONRAD JOHNSON, Plaintiff, v. CLARENCE EDMUNDS, as Executor of JOHN D. WINDSOR, Deceased, Defendant.

Supreme Court, Chautauqua County, March 6, 1950.

*Rollin A. Fancher.* for plaintiff.

*Walter E. Miller* and *Rex Crosby* for defendant.

CLINTON T. HORTON, Official Referee. This is an action for specific performance of an alleged contract for the sale of certain real property described in the complaint and situate upon Lakewood Road (now Fairmount Avenue) near Jamestown, New York.

Proof of the contract consisted of a receipt signed by John D. Windsor, deceased, for whom the above-named Edmunds, as executor, was duly substituted as defendant.

The receipt reads as follows:

" Sept. 3, 1943

" Received of Conrad Johnson $10.00 as binding on property 100 dollar on Lakewood Road, as agreed on. Price to be $300.00 otherwise void.

JOHN D. WINDSOR."

The defendant denies making a contract, relying on the Statute of Frauds as a complete defense. He cites as authority for this, the case of *Bisgeier* v. *Keller* (122 Misc. 705, affd. without opinion 214 App. Div. 758 [4th Dept.]).

The receipt in that action was as follows:

" BUFFALO, N. Y. *Aug.* 27, 1923.

" Received of David H. Bisgeier and Harry Bisgeier One Hundred Dollars to apply on purchase price of three lake shore lots, same as purchased from Wells estate. Price to be $16,800 as per terms agreed.

J. E. KELLER."

The action for specific performance was dismissed by the trial court on two grounds, one because the contract cannot be articulated without oral proof, and the other for lack of mutuality.

The Appellate Division gave no indication as to whether it affirmed on both grounds or only on the latter ground. The dismissal on the latter ground was clearly in accord with many authorities by the appellate courts at the time of the decision but these were overruled by the Court of Appeals in *Epstein* v. *Gluckin* (233 N. Y. 490), Judge CARDOZO writing the opinion.

So far as the first ground is concerned, I am of the opinion that the difference in the language of the two receipts, the one in the case at bar reading: " as agreed on ", and the one in the *Bisgeier* receipt reciting " as per terms agreed ", though slight, makes the case distinguishable from the case at bar. The *Bisgeier* case (*supra*) is, therefore, not a precedent requiring a dismissal of the present action.

The trial court in the *Bisgeier* case (*supra,* p. 706) said: " the receipt of August 27, 1923, executed by the defendant clearly shows that it does not contain the essentials of the oral contract. The words ' as per terms agreed ' demonstrate that there were terms orally agreed upon that are not contained in the receipt. This is fatal to the contention that the receipt in and of itself was a sufficient memorandum [of the contract] to satisfy the Statute of Frauds."

The words " as agreed on " in the present case may well be construed as referring to the price of the land in question.

There are many authorities that hold that the receipt in this case was a sufficient memorandum of the contract to satisfy the Statute of Frauds when parol evidence was introduced to identify the property in question. See as to them: *Miller* v. *Tuck,* (95 App. Div. 134 [2d dept.]) where the receipt recited: " * * * property situate on Sackman Street, between Livonia and Riverdale ". The court allowed evidence that the defendant owned only one lot on Sackman Street, between Livonia and Riverdale Avenues.

The attorneys in the case before the undersigned, stipulated that the land described in the complaint was the only vacant property owned by deceased on Lakewood Avenue.

See (1) *Waring* v. *Ayers* (40 N. Y. 357), where the court allowed parol evidence to identify two lots referred to in an agreement to convey: " two lots owned by me in 116th street, New York, between 8th and 9th avenues, said lots being 25 feet front and about 175 feet deep. These were the only lots owned

by defendant in that locality.''; (2) *Pelletreau* v. *Brennan* (113 App. Div. 806, 807 [2d Dept.]) where the premises were described in the contract as located on Clinton and Joralemon Street, and the court said: '' The description, ' Clinton and Joralemon street, ' suffices, for it enables the land to be identified and fully described by evidence *dehors.*''; (3) To the same effect, *Mills* v. *Giometti* (218 App. Div. 809 [4th Dept.]) in which the premises were described as Giometti's house and lot on the west side of Delaware Avenue, Painted Post, New York, and (4) *Tobias* v. *Lynch* (192 App. Div. 54, 56, affd. without opinion 233 N. Y. 515), where the memorandum was signed by both parties but did not disclose which was the vendor and which the vendeé. The court held that this did not prevent it from being a compliance with the Statute of Frauds, the court saying: '' No terms can be added to a contract by parol evidence * * *. But when it is a question of the application of the writing, the facts and circumstances within the knowledge of the parties when the writing was made may be disclosed, not to vary but to establish its meaning. (*Newell* v. *Radford, supra* [L. R. 3 C. P. 52].) ''

There is a typographical error in the description of the premises in the complaint, in that the land is described as beginning in the '' northerly '' instead of the '' southerly '' line of Fairmount Avenue, and later in the description, Winsor Place is referred to as Wilson Place. These are so clearly typographical errors that of my own motion I am amending the pleadings to conform to the proof.

There was sufficient evidence introduced in this case to identify the premises referred to in the receipt as well as evidence as to the other elements necessary to establish a complete cause of action for specific performance.

I accordingly direct judgment in favor of the plaintiff, without costs.